87 So.2d 599 (1956)
PACIFIC MILLS, a corporation, Petitioner,
v.
HILLMAN GARMENT, Inc., a corporation, Respondent.
Supreme Court of Florida. Division A.
May 18, 1956.
*600 Broad & Cassel, Miami Beach, for petitioner.
Irving M. Wolff, Miami, for respondent.
THORNAL, Justice.
By petition for writ of certiorari the petitioner Pacific Mills, a Massachusetts corporation, which was plaintiff below, seeks review of an order of the Circuit Court which affirmed a judgment of the Civil Court of Record sustaining a motion to dismiss petitioner's complaint in an action on a foreign judgment.
The question presented for our consideration is the correctness of the ruling of the lower court that the complaint showed on its face that the court which entered the foreign judgment lacked jurisdiction and that the judgment was therefore unenforceable in Florida.
Pacific Mills, plaintiff below, was a Massachusetts corporation that recovered a judgment against Hillman Garment, Inc., a Florida corporation, in the Supreme Court of New York County, New York. The complaint alleged that an arbitration proceeding was had between the parties in accord with Article 84 of the Civil Practice Act of New York, and that the judgment was entered by the New York court confirming the award agreed upon by the arbitrators. Attached to the complaint is an authenticated copy of the judgment and a copy of a written exhibit purporting to show that the defendant Hillman participated in the arbitration proceeding.
The complaint also alleged that the defendant participated in the arbitration proceeding and submitted a counterclaim therein. By motion to dismiss, the respondent Hillman, which was defendant below, attacked the complaint on the ground that it failed to state a cause of action upon which relief could be granted. The Judge of the Civil Court of Record of Dade County granted the motion to dismiss for the asserted reason that the complaint showed that the New York court lacked jurisdiction to enter the judgment, and that it was *601 apparent that the plaintiff below could not further amend its complaint to plead the basic requirements of jurisdiction in the New York court. Judgment was thereupon entered for the defendant Hillman.
On appeal the Circuit Court of Dade County affirmed the judgment of the Civil Court of Record. Petition for certiorari seeks review of this order, contending that it obviously constituted a departure from the essential requirements of the law.
Petitioner contends that the writ of certiorari should be granted for the reason that under our Rules, it is necessary only to plead the ultimate fact that a judgment was recovered in a sister state and moreover that the complaint actually showed that the New York court had jurisdiction.
Respondent contends that the complaint revealed on its face that the New York court lacked jurisdiction and that the judgment was therefore void.
30 F.S.A. Rule 1.9(e) of the Florida Rules of Civil Procedure reads as follows:
"(e) Judgment or Decree. In pleading a judgment or decree of a domestic or foreign court, judicial or quasi-judicial tribunal, or of a board or officer, it is sufficient to aver the judgment or decree without setting forth matter showing jurisdiction to render it."
A casual examination of this Rule reveals that in suing on a judgment of a court of a sister state, it is unnecessary to allege more than the actual judgment. Lack of jurisdiction in a foreign court is a defensive matter which should be set out in the answer. However, if the plaintiff undertakes to allege in his complaint the jurisdictional facts, then the sufficiency of the jurisdictional allegations may be tested by a motion to dismiss. This is so for the obvious reason that a party is bound by the allegations of its complaint and if such allegations reveal that the court of a sister state lacked jurisdiction to enter the judgment sued upon, such allegations may then be fatal to the complaint in the Florida court when assaulted by a motion to dismiss. See First National Bank of Cresson, Pa., v. Brown, 119 Fla. 761, 162 So. 142.
We revert to an examination of the complaint before us to determine whether it shows on its face that the New York Supreme Court lacked jurisdiction to enter the judgment. The trial judge was of the view that it did. Counsel for respondent contends that it did. The briefs fail to reveal any precedents or authorities to sustain this conclusion. Inasmuch as the complaint alleged that the judgment was recovered in accord with provisions of Article 84 of the Civil Practice Act of New York, it thereby placed in issue the provisions of this statute and under these circumstances we are justified in taking judicial notice of the statute of a sister state. Section 92.031, Florida Statutes 1955, F.S.A., and Kingston v. Quimby, Fla. 1955, 80 So.2d 455.
The pertinent provision of the New York statute, Civil Practice Act, is Article 84, Section 1450, which reads in part as follows:
"Remedy in case of default. The making of a contract or submission for arbitration described in section fourteen hundred forty-eight, providing for arbitration in this state, shall be deemed a consent of the parties thereto to the jurisdiction of the supreme court of this state to enforce such contract or submission and to enter judgment on an award thereon. * * *"
Petitioner contended below that by participating in the arbitration proceeding in the State of New York, the respondent subjected itself to the jurisdiction of the New York courts to the extent that the New York Practice Act provides for the entry of the judgment on the award of the arbitrators if application for such judgment is made within one year after the filing of the award pursuant to notice served on the adverse party. Copy of the judgment attached to the complaint recited that such notice was given. See Article 84, Section 1461, Civil Practice Act of New York.
*602 We are next confronted with the question as to whether these provisions of the New York Civil Practice Act so comport with our notions of due process as to accord to the New York judgment full faith and credit under our Federal Constitution, art. 4, § 1. An axiom of due process is that a judgment in personam entered by the court of a sister state without proper personal service or voluntary appearance of the judgment-defendant is a nullity and may be attacked on the ground that the court entering the judgment lacked jurisdiction. Markham v. Nisbet, Fla. 1952, 60 So.2d 393. By the same token, the requirements of due process under circumstances such as the one before us are met if the statutory procedure for obtaining substituted service is reasonably calculated to apprise the defendant that suit has been instituted against him and accords to him a reasonable opportunity to defend. Here there was a voluntary participation in the New York proceeding that set in motion the exercise of the judicial process.
Our traditional ideals of fair play and substantial justice demand that when a person is sued, he should have notice of the suit and an opportunity to defend. In the instant case the petitioner relied upon the provisions of the New York Civil Practice Act which by their own force granted jurisdiction to the Supreme Courts of that state to enter a judgment upon an arbitration award in those instances where the parties to the arbitration proceeding had either voluntarily participated in the proceeding or after proper notice had failed to participate. An examination of the New York statute suggests that in that state arbitration is actually quasi-judicial in nature and constitutes a part of the judicial process for arriving at a solution to disputes between parties-litigant. See River Brand Rice Mills, Inc., v. Latrobe Brewing Co., 305 N.Y. 36, 110 N.E.2d 545; and Republique Francaise v. Cellosilk Manufacturing Company, 309 N.Y. 269, 128 N.E.2d 750.
The principle upon which the petitioner here relies is that the respondent voluntarily participated in the New York arbitration proceeding and having done so, he, of his own motion, invited the exercise of the jurisdiction of the New York courts in accord with the applicable statute. We can find nothing fundamentally wrong with this principle. It appears to us that it accords with every essential requirement of due process of law. It could hardly be successfully contended that a nonresident who voluntarily employs the judicial processes of a state can thereafter dispute the authority of the jurisdiction which he himself has engaged to settle his rights in that particular cause.
We do not overlook the proposition that Florida follows the Common Law doctrine that parties cannot obligate themselves to an irrevocable agreement to arbitrate for the simple reason that such would be an encroachment upon the jurisdiction of our courts. See Flaherty v. Metal Products Corporation, Fla. 1955, 83 So.2d 9; and Fenster v. Makovsky, Fla. 1953, 67 So.2d 427. At the same time Florida has provided a statutory procedure for judicial affirmation of an arbitration award and to that extent the entry of a judgment on the award of a board of arbitrators is certainly not offensive to the public policy of this state. Ogden v. Baile, 73 Fla. 1103, 75 So. 794. While under the law of this state an irrevocable agreement to arbitrate will not be specifically enforced, such a provision in a contract is not a nullity and will be recognized if the parties themselves proceed to employ the arbitration procedure provided by law. See Gantt v. Felipe Y Carlos Hurtado & Cia, 297 N.Y. 433, 79 N.E.2d 815. When an arbitration procedure is employed in a particular state then the law of the forum controls the disposition of the ultimate rights of the parties.
We have not been referred to any decision passing upon the enforceability in a sister state of a judgment entered in the New York courts pursuant to the arbitration procedure provided by their Civil Practice Act. However, in view of the fact that the respondent here, according to the complaint, actively participated in the New York arbitration proceeding which was governed by the law of the State of New York, we must assume that he was *603 aware of the applicable laws of that state and that when he did seek relief within that jurisdiction, he subjected himself to the exercise of the complete jurisdiction of the courts in New York in accordance with the various statutes under which he sought relief.
Our own state has enacted analogous statutes. For example, Section 47.16, Florida Statutes 1955, F.S.A., provides a form of substituted service of process upon nonresidents who engage in business in this state. We have held that under this statute, a nonresident who elects to engage in business in Florida thereby consents by operation of law to the designation of the Secretary of State as his agent to receive service of process. This court has upheld the constitutionality of this Act as providing the essential elements of due process of law. State ex rel. Weber v. Register, Fla. 1953, 67 So.2d 619.
We cannot in principle distinguish between an Act that provides that a party subjects himself to the jurisdiction of the courts of a particular state when he voluntarily sets in motion a quasi-judicial proceeding that might ultimately lead to a judgment as a part of the same proceeding under the laws of that state and a statute which by its own force subjects a nonresident to a form of substituted service in a state by engaging in business in that state. We therefore conclude that the complaint in the case before us did not reflect by its own allegations a lack of jurisdiction in the Supreme Court of the State of New York. So far as the complaint here is concerned, it indicates on its face that the New York court did have jurisdiction to enter the judgment relied upon. The motion to dismiss therefore should not have been granted. A denial of the motion to dismiss will not preclude the respondent on a further hearing from setting up in its answer any lack of essential jurisdictional requirements such as the failure to give notice of the application for the judgment affirming the arbitration award. We merely hold here that the complaint was good against the motion to dismiss.
For the reasons set forth, the prayer of the petition must be granted, the order appealed from is quashed and the cause is remanded for further proceedings consistent with this opinion.
DREW, C.J., and TERRELL and HOBSON, JJ., concur.