PEARSON, Judge
(concurring specially).
I am in accord with the decision and with the majority opinion insofar as it holds that the burden of proof was upon the defendant-appellee to prove the allegation of his answer to the effect that the foreign judgment was void because of a lack of jurisdiction over his person. However, I feel that it was, under the stipulated issue, incumbent upon the trial judge to determine whether the manner employed to effect service of process as provided by sections 16 and 17 of the Illinois Civil Practice Act, S.H.A. ch. 110, §§ 16, 17 comports with our notions of due process. Both the trial court and this court are authorized to take judicial notice of the Illinois Statute. See § 92.031, Fla.Stat., F.S.A., and Pacific Mills v. Hillman Garment, Fla.1956, 87 So.2d 599.
In Florida, we have a statute, permitting service of process upon a nonresident engaging in business in this state, which is similar in nature to § 17 of the Illinois Civil Practice Act. See § 47.16, Fla.Stat., F.S.A. Section 47.16 supra also provides that the manner to be employed for service of process upon nonresidents shall be in accordance with the provisions of § 47.30, Fla.Stat., F.S.A., and the procedure for service of process required by this statute is reasonably calculated to apprise the defendant that suit has been instituted against him just as § 16 of the Illinois Civil Practice Act affords proper notice. Therefore, it is my opinion that the provisions of the Illinois Civil Practice Act dealing with service of process on nonresidents outside the state are agreeable to our traditional ideals of fair play and substantial justice which demand that when a person is sued, he should have notice of the suit and an opportunity to defend. See Pacific Mills v. Hillman Garment, Fla.1956, 87 So.2d 599.