70 N.J. Super. 555 (1961)
176 A.2d 48
EDMONDE LEVITT, PLAINTIFF,
v.
COLONIAL BOAT WORKS, INC., A CORPORATION OF THE STATE OF NEW JERSEY, UNITED MARINE, INC., A CORPORATION OF THE STATE OF DELAWARE, RICHARDSON BOAT CO., INC., A CORPORATION OF THE STATE OF DELAWARE, GORDON BOAT CORPORATION, T/A GORDON BOAT COMPANY, SAMUEL GORDON AND FRANK GORDON, T/A GORDON BOAT COMPANY, JOINTLY, SEVERALLY AND IN THE ALTERNATIVE, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided October 31, 1961.
*556 Messrs. Arkus & Cooper for the plaintiff.
Messrs. Lloyd, Horn, Megargee & Steedle for the defendant.
SALSBURG, J.C.C. (temporarily assigned).
The question in this case is whether the defendant, Frank Gordon, of the partnership of Samuel Gordon and Frank Gordon, trading as Gordon Boat Company, was duly and properly served so that the court has jurisdiction of the person of Frank Gordon.
The rule applicable is R.R. 4:4-4(e). The rule provides for service upon a partnership by personal service and if service cannot be made in that fashion "then, subject to due process of law, by mailing, registered mail, return receipt requested, a copy of the summons and complaint to a registered agent for service, or to its principal place of business, or to its registered office."
*557 It may be broadly stated that the Legislature or the courts, in prescribing the methods of the service of the original process in civil actions, have recognized the feasibility of two modes. The one is commonly described as actual or personal service accomplished by delivering, that is, handing over to the defendant a copy of the writ, and the other is known as substituted or constructive service, notably achieved by registered mail.
The service of process by which courts of justice acquired jurisdiction has always been a subject of supreme importance. The provisions and requirements governing the manner of serving process are ordained with circumspection and a strict compliance with those prescriptions has been and is uniformly regarded as mandatory.
When one reads this rule, he can readily see that the copy of the summons and complaint must be mailed, registered mail, return receipt, either to a registered agent for service, or to its principal place of business, or to its registered office. In the present case, a copy of the summons and complaint was sent registered mail, return receipt requested, to the defendant, Frank Gordon, at premises where the defendant was now conducting his business. The summons and complaint were not mailed to Frank Gordon as the registered agent of the partnership. The summons and complaint were not mailed to the partnership's principal place of business since the principal place of business of the partnership was at North Broad Street, Philadelphia, Pennsylvania and the summons and complaint were mailed to premises at 1416 South Penn Square, Philadelphia, Pennsylvania. Also this latter address was not the registered office of said partnership.
I conclude that the manner in which the service of process was made in the present case was not conformable to the applicable provisions of R.R. 4:4-4(e). I am of the opinion that jurisdiction was never acquired over the person or the property of Gordon Boat Company through the failure of the plaintiff to properly serve it. It has been held by our *558 courts that the requirements of the rules with respect to service of process go to the jurisdiction of the court and must be strictly complied with. Any defects such as here present are fatal and leave the court without jurisdiction and its judgment void. Driscoll v. Burlington-Bristol Bridge Co., 8 N.J. 433 (1952).
Since I have disposed of this matter by finding that the plaintiff has failed to comply with the rules, it is not necessary to discuss whether or not the partnership was in sufficient contact with the State of New Jersey so as to make it amenable to service under these circumstances and whether or not the partnership on dissolution continues in existence or terminates upon completion of the winding-up process for service of process.
Motion of the defendant is granted and an order may be submitted.