89 N.J. Super. 366 (1965)
215 A.2d 56
GEORGE CARLIN, PLAINTIFF,
v.
JOSEPH SCHULER, JR., DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided November 29, 1965.
*367 Mr. Thomas F. Shebell, Jr. for plaintiff.
Mr. Stephen C. Carton for defendant (Messrs. Carton, Nary, Witt & Arvanitis, attorneys).
SIMMILL, J.S.C.
Defendant Joseph Schuler, Jr. was a resident of Asbury Park, New Jersey, until April 1952, at which time he became a member of the armed forces of the United States. Since that time he has not been stationed in New Jersey or otherwise resided in New Jersey. On July 5, 1953 he was on leave visiting his parents, with whom he had lived prior to entering the armed forces. While on such leave he allegedly threw a firecracker in the direction of plaintiff and the explosion thereof caused plaintiff personal injury, including the loss of an eye. Summons was issued on August 29, 1953, since which date numerous attempts have been made to effect service. Among such attempts was service upon his father, who moved to strike the complaint because of insufficient service. The court entered an order setting aside the service but permitted the complaint to remain on file. Thereafter service was made upon the father on two subsequent occasions, and in each case the service was, on motion, set aside but the complaint permitted to remain on file. When defendant's original tour of duty ended he re-enlisted and has evidently made the armed forces his career. He is presently in the military service.
Numerous motions were made to dismiss the case for lack of prosecution, all of which were denied by reason of defendant's military service. The Supreme Court then adopted R.R. 4:4-4(j), and pursuant to that rule plaintiff attempted to serve defendant in Biloxi, Mississippi, that address having *368 been given to plaintiff's attorney in an affidavit filed by the defendant on May 3, 1965. Plaintiff's attorney took an affidavit that after diligent inquiry and after defendant could not be served under any of the paragraphs of R.R. 4:4-4 preceding subparagraph (j), he mailed registered mail, return receipt requested, a copy of the summons and complaint to defendant, addressed to the Biloxi address set forth in said affidavit made by defendant. The registered letter was forwarded by the Biloxi postoffice to somewhere in the State of Vermont, where it was received by defendant's wife. Defendant now moves to set aside the service of process on several grounds: that he was not a resident of Biloxi, Mississippi; that he is not a resident of the State of Vermont, and that he is presently residing in the State of Maine. The affidavit was taken in the State of Maine, County of Aroostook.
Defendant also contends that R.R. 4:4-4(j) is inapplicable to the present case because the rule extends only to nonresident defendants residing in the State of New Jersey at the time of the alleged tort. He also contends that the service is a nullity for want of compliance with "due process of law," as set forth in the rule. The gravamen of this argument is that defendant did not have the requisite minimal contacts with New Jersey so as to be subjected to in personam jurisdiction in this State.
R.R. 4:4-4, relating to service, was enlarged in January 1964 by the adoption of subparagraph (j). This rule provides:
"(j) Whenever it shall appear by affidavit of the attorney for the plaintiff or of any person having knowledge of the facts, that, after diligent inquiry and effort, an individual cannot be served in this State under any of the preceding paragraphs of this rule, then, consistent with due process of law, service may be made by mailing, registered mail, return receipt requested, a copy of the summons and complaint to the individual addressed to his dwelling house or usual place of abode * * *."
This provision was added "to protect New Jersey residents from a cause of action arising out of acts done here when the *369 defendant has left the state." Report of the New Jersey Supreme Court's Committee on Rules, April 4, 1963, p. 5. The reach of the rule must be measured by the phrase "consistent with due process of law." By court rule rather than statute this State would acquire "every variety of in personam authority over non-resident individuals which the United States Supreme Court will not reject as an excess of constitutional due process." Schnitzer and Wildstein, New Jersey Rules Service, Special Release No. 4, 1963, p. 19.
Defendant contends that the rule will reach only persons resident in New Jersey at the time of the act. For this principle he relies primarily on the recent case of DeFazio v. Wright, 229 F. Supp. 111 (D.N.J. 1964). The court there recognized that no judicial decision interpretive of R.R. 4:4-4(j) was available, but nevertheless proceeded to evaluate the term "consistent with due process of law." In DeFazio defendants allegedly negligently used and operated a motor boat on the waters of a New Jersey lake, thereby causing injury to plaintiff. From a date two months before the alleged tort to a period some two years later defendants were bona fide residents of New Jersey. The defendants then moved to Pennsylvania and service was attempted there pursuant to the aforesaid rule. The United States District Court upheld the service, declaring that defendants had sufficient contacts in New Jersey for our courts to assert personal jurisdiction, stating:
"Having enjoyed the benefits of residence here, including the use of the State's recreational facilities, it is fair and just to make them subject to the jurisdiction of this state's courts in connection with any claim which arose out of this enjoyment of those benefits."
Defendants' long residence in New Jersey and their enjoyment of the State's facilities were thus viewed as a factor in determining the minimal contacts. However, it was not necessary for the court to reach the question of minimal contacts, absent such residence at the time of the tort.
In Wangler v. Harvey, 41 N.J. 277 (1963), Justice Francis in his dissenting opinion had occasion to touch upon the *370 problem at hand in reference to R.R. 4:4-4(h), a rule designed to subject a nonresident engaged in business in this State to conventional personal service in suits or causes of action arising here. He stated:
"There is no real indication that the purpose of this rule was to authorize substituted service of process in the home state of a nonresident in a cause of action arising from an isolated tort committed in New Jersey. In some jurisdictions such service may be made (and its constitutionality has been sustained) on a nonresident who has caused an event to occur in the state out of which the claim arose." (at p. 292)
Indeed, the footnote on page 292 indicates that this very extension of in personam jurisdiction is covered by subsection (j), which was intended to rectify the deficiency. However, it had not at that time become effective. If R.R. 4:4-4(h) directs itself to nonresident businessmen engaged in business in New Jersey, then R.R. 4:4-4(j) must necessarily apply to nonresident defendants engaged in activities in this State. Otherwise residence at the time of the tort would limit R.R. 4:4-4(j) to a few isolated situations primarily involving absconding defendants. Consequently, residence should be viewed as only one factor in determining minimal contacts. Absent such residence the more difficult question is whether the commission of a tort in this State, without more, is a sufficient minimal contact.
The Supreme Court of the United States has not yet answered the question whether a single occurrence of liability within the State should afford an appropriate basis for judicial review, assuming the meeting of all other requisites, such as service of process. Goodrich, Conflict of Laws (4th ed. 1964), p. 125. The nature and quality of the act, the extent of defendant's contacts with the State, and the degree of inconvenience which would result to defendant are all to be considered in determining the existence of jurisdiction.
"Any act or effect of an act within the state that may reasonably be of sufficient concern to a state for it to provide a forum * * * *371 will be sustained as an adequate jurisdictional basis." Restatement, Conflict of Laws, 2d, § 84 (Tent. Draft No. 3, 1956)
In Nelson v. Miller, 11 Ill.2d 378, 143 N.E.2d 673 (Sup. Ct. 1957), the State of Illinois was sufficiently concerned with an injury to one of its residents by an out-of-state party to provide a forum. Under that state's long-arm statute, service was effected in Wisconsin. The court, in upholding the validity of such service, based its decision on (1) the injustice to the person injured to be forced to seek out the tortfeasor in a foreign jurisdiction; (2) the fact that the tortfeasor voluntarily came to Illinois; (3) the applicable local law to be applied in any case; (4) the convenience to witnesses; (5) the availability of the doctrine of forum nonconveniens; (6) the probability of removal to a federal court. That court held:
"The rational basis of the decisions upholding the nonresident motorist statutes is broad enough to include the case in which the nonresident defendant causes injury without the intervention of any particular instrumentality." (143 N.E., 2d, at p. 679)
"Clearly it would seem that any tortious act within the state or resulting in injury within the state is adequate to sustain jurisdiction." Goodrich, op. cit., p. 126.
In the present case defendant was more than a mere traveller through the State. He had previously lived in New Jersey. His parents still are domiciled in this State. At the time of the incident he was visiting his parents on leave from military service. His tort was not a mere incidental occurrence, because the complaint alleges both negligent and intentional conduct. For over ten years defendant has not been available to answer for his acts. On the other hand, plaintiff has suffered grave injury. He has continually sought out defendant in New Jersey, without success. Defendant has consistently evaded service, an example being that in the affidavits filed on this motion he does not give his residence but merely says it is in the State of Maine. Undoubtedly, witnesses and medical experts reside in New Jersey, and there is *372 no question that the forum conveniens is New Jersey. Traditional notions of fair play and substantial justice require defendant to answer for his acts in New Jersey. International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).
The recent decision of the United States Supreme Court in Rosenblatt v. American Cyanamid Company, 86 S.Ct. 1 (1965), strengthens this view although it does not directly decide the question. Mr. Justice Goldberg in that case stated:
"The logic of this Court's decisions * * * supports the validity of state `long arm' statutes such as the one involved here which base in personam jurisdiction upon commission of a `tortious act' in the forum State. Since those decisions a large number of States have enacted statutes similar to the one here. In cases under these statutes in state and federal courts, jurisdiction on the basis of a single tort has been uniformly upheld.
Indeed, the constitutionality of this assertion of jurisdiction, today, could only be doubted by those determined to oppose the clear trend of the decisions. This situation is exactly that of the nonresident-motorist statutes, which were long ago upheld, except that the highways are not directly involved. It is now clear, if it was ever in doubt, that the nonresident-motorist cases were not really based on `consent' but on the interest of the forum State and the fairness of trial there to the defendant."
And further quoting Mr. Justice Goldberg:
"If it is fair in a due process sense to subject a transient motorist to in personam jurisdiction on the basis of a single negligent tort * * * surely it is equally fair to hold a person like appellant, who, it is alleged, intentionally entered a State for the purpose of committing a tort therein, personally responsible in the courts of that State. The few cases which have questioned the application of `long arm' statutes in particular situations have differed from this one in two important respects: the foreign defendant was never physically present in the forum State, and the tortious act there was unintentional."
While there is no suggestion that defendant entered this State with the intention of committing the tort, nevertheless, the allegation in the complaint is that the tort was intentional, and this court is of the opinion that the reason he entered the State is immaterial.
*373 This court therefore holds that upon compliance with R.R. 4:4-4(j), the State of New Jersey has in personam jurisdiction over this defendant. However, strict compliance with R.R. 4:4-4(j) has not been shown by plaintiff. The rule requires that service may be made by mailing a copy of the summons and complaint to the individual addressed to his dwelling house or usual place of abode. Defendant's usual place of abode on the date of the mailing of the registered mail was not Biloxi, Mississippi. He so swears, and he further states that he has not been a resident of Biloxi for some time prior to July 15, 1965, the date of the mailing.
This court is convinced that defendant is evading service and has used every device to avoid answering plaintiff. His evident reluctance to disclose his address in the State of Maine is an indicium of that. Nevertheless, this court is of the opinion that "the requirements of the rules with respect to service of process go to the jurisdiction of the court and must be strictly complied with." Driscoll v. Burlington-Bristol Bridge Co., 8 N.J. 433, 493 (1952). "The provisions and requirements governing the manner of serving process are ordained with circumspection and a strict compliance with those prescriptions has been and is uniformly regarded as mandatory." Levitt v. Colonial Boat Works, Inc., 70 N.J. Super. 555, 557 (Law Div. 1961).
This court therefore is reluctantly constrained to grant the motion made by defendant to quash the service.