Robert H. JAFFE, Plaintiff,

v.

Edwin A. DOLAN, Jr., Defendant.

No. 66–C–1179.

United States District Court

E. D. New York.

March 3, 1967.

Edwin B. Mishkin, New York City, for plaintiff.

Bernard A. Grossman, New York City, for defendant.

ZAVATT, Chief Judge.

Defendant has moved for an order pursuant to 28 U.S.C. § 1404(a) transferring the instant diversity action to the United States District Court for the District of New Jersey or in the alternative, for an order dismissing the complaint. The motion to so transfer is granted.

The instant action, for libel and slander, was commenced on December 15, 1966. The complaint alleges that the plaintiff, a citizen of New Jersey, is an officer and director of Middle Atlantic Utilities Co., a Delaware corporation (hereinafter MAU), and of Utility Capital Corporation, a New Jersey corporation (hereinafter UCC); that the defendant is a citizen of New York, a stockholder of MAU and UCC and a former officer and director of UCC; that the defendant, on September 15, 1966 and thereafter, falsely and maliciously accused the plaintiff, in the presence of

stockholders and others, of unlawfully appropriating assets of MAU and/or UCC and of being a "thief" and a "fraud"; that during 1966 the defendant caused reports to be filed with the Federal and New Jersey regulatory authorities which falsely and maliciously accused the plaintiff of unlawfully appropriating assets of MAU and/or UCC, of defrauding and cheating defendant and others and of being an untrustworthy person in financial and business matters.

On September 6, 1966, before the instant action was commenced, the defendant and other stockholders of MAU and UCC instituted a shareholders' derivative action in the Superior Court of New Jersey against the plaintiff herein and his brother, alleging that, as officers and directors of said companies, they were liable for damages occasioned to MAU and/or UCC resulting from mismanagement, fraud and breach of fiduciary duties. Thereafter, on November 4, 1966, the defendant herein and other stockholders commenced another shareholders' derivative suit in the United States District Court for the District of New Jersey claiming violation of the Securities Exchange Act of 1934, 15 U.S.C. § 78a et seq., and the Small Business Administration Act of 1958, 15 U.S.C. § 631 et seq. On January 9, 1967, the District Court of New Jersey, on motion of the plaintiff herein, made an order staying the action pending there until the disposition of the action pending in the Superior Court of New Jersey.

28 U.S.C. § 1404(a) provides that "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." It has been settled in this circuit since Foster-Milburn Co. v. Knight, 181 F.2d 949 (2d Cir. 1950), that section 1404(a) limits the transferee forum to one where both venue would have been proper and the defendant would have been amenable to process. The fact that the defendant moves to transfer and is willing to consent to jurisdiction in the transferee

court does not waive objection to the venue and jurisdictional requirements of that section. The Supreme Court in Hoffman v. Blaski, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960), held that such consent by a defendant will not permit transfer to a forum where the action could not originally have been commenced.

■■ The first issue to be resolved is whether the alleged defamatory statements, which the plaintiff contends were published "not only in New Jersey, but also in New York, Washington and perhaps elsewhere", would have been sufficient to subject this nonresident defendant to personal jurisdiction in the United States District Court for the District of New Jersey. In diversity actions, a federal district court can assert personal jurisdiction over a defendant only if the state court, under constitutionally valid state legislation in the state where the federal court sits, could have exercised such jurisdiction. Arrowsmith v. United Press Int'l, 320 F.2d 219, 6 A.L.R.3d 1072 (2d Cir. 1963); Partin v. Michaels Art Bronze Co., 202 F.2d 541 (3rd Cir. 1953). New Jersey has not enacted what is commonly referred to as a "long-arm statute." However, their civil practice rule, N.J.R.R. 4:4-4(j), provides in pertinent part as follows:

> "Whenever it shall appear by affidavit of the attorney for the plaintiff or of any person having knowledge of the facts, that, after diligent inquiry and effort, an individual cannot be served in this State under any of the preceding paragraphs of this rule, then, consistent with due process of law, service may be made by mailing, registered mail, return receipt requested, a copy of the summons and complaint to the individual addressed to his dwelling house or usual place of abode."

This rule became effective January 2, 1964. The first decision interpreting it was DeFazio v. Wright, 229 F.Supp. 111 (D.N.J.1964). There, the court held that a nonresident defendant, who, while a resident of New Jersey committed a tortious act in New Jersey, was subject to the personal jurisdiction of the courts of New Jersey. In reaching its decision the court said:

> "The phrase 'consistent with due process of law' in N.J.R.R. 4:4-4(j) was apparently intended to measure the extent to which, in each case, service can be made pursuant to that Rule. The purpose of the use of that phrase was to give the New Jersey courts (and, by F.R.C.P. 4(e), the Federal courts sitting in this District) the power to ' * * * claim every variety of *in personam* authority over non-resident individuals which the United States Supreme Court will not reject as an excess of constitutional due process,' Schnitzer and Wildstein, New Jersey Rules Service, Special Release No. 4–1963, p. 19."

The contention, that N.J.R.R. 4:4-4(j) as interpreted by the *DeFazio* case will reach only persons who were resident in New Jersey at the time the tortious act was committed, was not sustained in Carlin v. Schuler, 89 N.J.Super. 366, 215 A.2d 56 (1965). That case held that "upon compliance with R.R. 4:4-4(j), the State of New Jersey has *in personam* jurisdiction" over a nonresident defendant who committed a tort against a New Jersey resident in New Jersey. The court said at page 57 of 215 A.2d, "The reach of the rule must be measured by the phrase 'consistent with due process of law.' By court rule rather than statute this State would acquire 'every variety of *in personam* authority over non-resident individuals which the United States Supreme Court will not reject as an excess of constitutional due process.'"

■ Constitutional due process "requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. State of Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). Elaborating on

the "minimum contacts" required by *International Shoe,* the Supreme Court, in Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), said: "The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Finally in Rosenblatt v. American Cyanamid Co., 86 S.Ct. 1, 15 L.Ed.2d 39 (1965), the Supreme Court held that a single tort committed by a nonresident defendant in the forum state is sufficient to satisfy the constitutional requirements for the assertion of in personam jurisdiction.

■ Here, defendant's minimum contacts with the State of New Jersey have been adequately demonstrated. Before this action was instituted by the plaintiff in this court, the defendant was physically present in the State of New Jersey on numerous occasions; he instituted the two shareholder derivative actions now pending in New Jersey; the action instituted in this court by the plaintiff is based upon a tort allegedly committed by the defendant in New Jersey.

■ The second issue to be determined is whether venue could properly have been laid in the United States District Court for the District of New Jersey. Venue, having been fixed by federal law, must be determined by federal law. Murphree v. Mississippi Publishing Corp., 149 F.2d 138 (5th Cir. 1945), aff'd, 326 U.S. 438, 66 S.Ct. 242, 90 L.Ed. 185 (1946). The federal statute, 28 U.S.C. § 1391(a) as amended November 2, 1966 by Pub.Law 88–234, 80 Stat. 1111, provides:

"A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose."

The plaintiff is a resident of the State of New Jersey. The claim arose in the State of New Jersey. A claim for libel or slander arises in the state where it is published. Buckley v. New York Post Corp., Second Circuit, January 10, 1967, 373 F.2d 175. Therefore, venue could properly have been laid in the United States District Court for the District of New Jersey.

■ The final issue to be resolved is whether this action should be transferred "For the convenience of parties and witnesses, in the interest of justice." Generally this matter is left to the discretion of the transferor court. Ford Motor Co. v. Ryan, 182 F.2d 329 (2d Cir. 1950), cert. denied, 340 U.S. 851, 71 S.Ct. 79, 95 L.Ed. 624 (1950); Lykes Bros. S. S. Co., Inc. v. Sugarman, 272 F.2d 679 (2d Cir. 1959). The two derivative actions now pending in New Jersey are based upon acts allegedly committed in that State. The plaintiff's claim here is based upon libel and slander allegedly committed in New Jersey. It would appear that the witnesses in all three actions are residents of New Jersey; that the books and records of UCC are in New Jersey and that the principal place of business of MAU is in New Jersey.

The defendant's motion to transfer this action to the United States District Court for the District of New Jersey is granted. Settle an order consistent herewith on or before fifteen (15) days from the date hereof.