## INTERSTATE MOTOR CARRIERS AGENCY v. KURTZ.
### No. 1792.
Circuit Court, Lake County.

August 22, 1969.

Samuel O. Hoffman of Preddy, Haddad, Kutner & Hardy, Miami, for plaintiff.

James A. Moreland of Maguire, Voorhis & Wells, Orlando, for defendant.

W. TROY HALL, Jr., Circuit Judge.

*Final order:* This cause came on to be heard on the defendant's motion to dismiss the plaintiff's complaint. After hearing the arguments of counsel, the court finds —

This suit was brought by the plaintiff to enforce a foreign judgment obtained in the civil court of the city of New York on May 27, 1964, in an action between the plaintiff in this suit and the de-

fendant in this suit. The judgment of the civil court of the city of New York sued upon was a default judgment. The certified copy of the judgment on default filed with the complaint in this action shows on its face that service was had on May 15, 1964, and that the default judgment was entered on May 27, 1964.

It is the position of the defendant that the jurisdiction of the New York court to enter the default judgment is subject to attack upon motion to dismiss because the plaintiff in the complaint undertook to allege the jurisdictional facts underlying the New York decree. Pacific Mills v. Hillman Garment, 87 So.2d 599 (Fla. 1956). Defendant argued that these facts were alleged because a copy of the New York judgment was attached to the complaint; under Fla. RCP 1.130(b), any exhibit attached to a pleading is a part of the pleading for all purposes. Defendant then argued that under §402(b)(1) of the New York City Civil Court Act, in effect at the time of the New York action underlying this suit, if the summons initiating an action in the New York City Civil Court is served by delivery to a person, including an actual or statutory designee, other than the defendant, the summons must provide that the defendant appear and answer within thirty days after proof of service is filed with the clerk. The judgment on its face recited that service was had on May 15, 1964, and default judgment was obtained on May 27, 1964, which was twelve days after service of the summons. According to the defendant, inasmuch as the summons as served on the United States Corporation Company, alleged to be the statutory agent for the defendant, the judgment was attained prematurely and is therefore invalid.

The plaintiff took the position that the jurisdiction of the New York court to enter the judgment sued upon was properly a matter of defense rather than the subject of a motion to dismiss.

The court finds that the jurisdiction of the civil court of the city of New York to enter the judgment sued upon is subject to attack in this case by means of a motion to dismiss. Pacific Mills v. Hillman Garment, supra.

The court will take judicial notice of §402 of the New York City Civil Court Act which sets forth the requisite time for service of summons and answer of the defendant in the civil court of the city of New York. Under the terms of that statute, the defendant was not given the proper time in which to file an answer before a default judgment was obtained.

The court finds, therefore, that the judgment obtained by the plaintiff on May 27, 1964, against the defendant in the civil court of the city of New York is void for the jurisdictional deficiency of

lack of the due notice in allowing time for the defendant to appear and answer in said suit. Inasmuch as the final judgment sued upon is invalid, the court further finds that the complaint of the plaintiff in this action should be dismissed with prejudice. Fla. RCP 1.420 (b); Hardee v. Gordon Thompson Chevrolet, Inc., 154 So.2d 174 (1st D.C.A. 1963).

Therefore, it is ordered, considered and adjudged that the complaint of the plaintiff, Interstate Motor Carrier Agency, be dismissed with prejudice.