MOORE, Judge.
The appellant, Steven Weil, appeals a final judgment entered after a non-jury trial. The judgment was based upon the trial court’s giving full faith and credit to a New Jersey judgment obtained by the appellees, a law firm, for services rendered to the appellant in New Jersey. The appellant contends that the New Jersey court never obtained jurisdiction over him; thus, the trial court erred in granting full faith and credit to the New Jersey judgment. We agree and reverse.
*833 The appellees allegedly obtained service of process upon appellant pursuant to New Jersey Civil Practice Rule 4:4-4(e) which states:
Substituted Service on Certain Individuals. Whenever it shall appear by affidavit of the attorney for the plaintiff or of any person having knowledge of the facts, that, after diligent inquiry and effort, an individual cannot be served in this State under any of the preceding paragraphs of this rule, then, consistent with due process of law, service may be made by mailing, by registered or certified mail, return receipt requested, a copy of the summons and complaint to the individual addressed to his dwelling house or usual place of abode or, with postal instructions to deliver to addressee only, to his place of business or employment. If the addressee refuses to claim or accept delivery of registered or certified mail, service may be made by ordinary mail addressed to him at his dwelling house or usual place of abode.
We perceive this rule as follows:
(1) When a party cannot be served in the State of New Jersey, after reasonable and diligent inquiry, out of state substituted service of process may be made by registered or certified mail at the party’s dwelling house, place of abode, or place of business or employment;
(2) If this form of “substituted service” is refused or not accepted by the party to be served, an alternative substituted service is available. The alternative substituted service consists of mailing the summons and complaint by ordinary mail to the party’s dwelling house or usual place of abode.
Before attempting to affect service of process upon the appellant, the appellees sent demand letters to the appellant at three different addresses, two in New York City and one in Florida. The letters sent to the New York addresses were unclaimed, but the appellant received and answered the letter sent to Sunrise, Florida. For reasons not clearly demonstrated in the record, the appellees concluded that the appellant’s address for proper service of process was one of the New York locations. They, therefore, selected that New York address for initial service of the summons and complaint by certified mail with directions to the postal service to deliver to the addressee only. This certified mail was returned to the appellees unclaimed. Subsequently, the summons and complaint were mailed and delivered to the New York address by ordinary mail. When the appellant did not respond, a default judgment was entered pursuant to which final judgment was entered against the appellant.
The record reflects that the first time that appellant received knowledge of the New Jersey action was when the final judgment was mailed to him in Florida. He asserts that the New York address where service was attempted by ordinary mail was not his residence, abode or place of employment or business. His uncontroverted testimony is that he was unfamiliar with the New York address prior to receipt of the New Jersey judgment. In fact, appellees concede that the New York address was not the dwelling house or usual place of abode of the appellant. Nevertheless, they contend that service of process was effectuated by ordinary mail delivery to the New York address.
The New Jersey courts have formulated a rather strict definition of “dwelling house or usual place of abode”. As stated by the court in Fidelity Deposit Company of Maryland v. Abagnale, 97 N.J.Super. 132, 234 A.2d 511 (1967):
The law in this State has developed in somewhat rigid conformity to the principle that provisions for substituted service, being in derogation of the common law, must be strictly construed. Hence, the rule has been consistently applied that one’s “dwelling house or usual place of abode” is limited in its meaning to the place where one is “actually living” at the time when service is made, (citations omitted) 234 A.2d at 519.
See also, Carlin v. Schuler, 89 N.J.Super. 366, 215 A.2d 56 (1965).
Thus, once the summons and complaint sent by certified mail to the New York *834 address were returned unclaimed by the appellant, the appellees were bound to serve the appellant by ordinary mail at his dwelling house or usual place of abode. Under the circumstances of this case, the applicable New Jersey rule limited the situs where service of process could be achieved properly to the appellant’s dwelling house or usual place of abode. Nonetheless, the appellees elected to continue to attempt service on appellant at a location with which the appellant had, at most, a rather tenuous business contact, and which was not the appellant’s “dwelling house or usual place of abode” under any definition of those terms.
Within the constitutional requirement that service of process be reasonably calculated to apprise a party of the penden-cy of a suit, the states are free to formulate their own service of process standards. Once a state has provided a procedure for obtaining service of process, the parties to a lawsuit must adhere rigorously to that procedure. Here, it is obvious that the appel-lees failed to comply with the plain and simple language of the applicable New Jersey service of process rules. Since the appellant was never served with process in accordance with New Jersey law, the New Jersey court never obtained in personam jurisdiction over him. Therefore, the New Jersey judgment entered against the appellant was a nullity and the Florida trial court erred in granting that judgment full faith and credit. See Pacific Mills v. Hillman Garment, 87 So.2d 599 (Fla.1956); Markham v. Nisbet, 60 So.2d 393 (Fla.1952).
Accordingly, the trial court’s judgment in favor of the appellees is reversed.
REVERSED.
HERSEY and HURLEY, JJ., concur.