940 So.2d 611 (2006)
Sylvia PARTRIDGE, Appellant,
v.
Margaret PARTRIDGE, Appellee.
No. 4D05-3524.
District Court of Appeal of Florida, Fourth District.
November 1, 2006.
Wayne R. McDonough of Wayne R. McDonough, P.A., Vero Beach, for appellant.
William F. Gallese, Stuart, for appellee.
MAY, J.
A widow appeals an order directing her to vacate the home owned by the husband, in compliance with the final judgment of *612 dissolution between her deceased husband and his former wife. She argues the family court lacked personal jurisdiction over her. We agree and reverse.
Benjamin and Margaret Partridge were divorced. The final judgment of dissolution provided Margaret, the former wife, with an equitable lien on the marital home and a life estate if Benjamin died before paying the lump sum alimony. Alternatively, the judgment provided the former wife with the ability to sell the home to satisfy any outstanding balance of lump sum alimony.
The former husband continued to reside in the home and married Sylvia. The home was subsequently damaged by one or more hurricanes, rendering it uninhabitable. Insurance coverage paid for Benjamin and Sylvia to live elsewhere until repairs were completed, which had not occurred at the time of the trial court proceedings. Some insurance monies were used to cover repairs.
The former husband neither paid the lump sum alimony nor fulfilled his obligation for periodic alimony. The former wife therefore sought to foreclose the equitable lien on the home in a separate proceeding. The circuit court ordered the foreclosure; the former husband appealed. While the appeal was pending, the former husband died.[1]
The former wife immediately filed a Motion to Obtain Possession Of The Former Marital Residence And Other Relief in the dissolution proceeding. She requested immediate possession of the residence, an accounting of the personal property in the residence, and any insurance proceeds the widow had received for repairs. The former wife served the motion and notice of hearing on the widow by mail.
The widow appeared specially and moved to dismiss for lack of personal jurisdiction. She claimed she was not a party to the dissolution proceedings and had not been properly served with an ejectment action. She further claimed no legal obligation to comply with the former wife's request for an accounting or preservation of the former husband's personal property.
A magistrate recommended denial of the widow's motion to dismiss and enforcement of the former wife's life estate in the former marital home. The trial court adopted the recommended order.
The widow continues to argue on appeal that the trial court lacked personal jurisdiction over her. Without either statutory or case authority, the former wife suggests that the widow stands in the shoes of the former husband. We agree with the widow.
In personam jurisdiction is a pure question of law, allowing this court to review the order on the widow's motion to dismiss de novo. Execu-Tech Bus. Sys., Inc. v. New Oji Paper Co., 752 So.2d 582, 584 (Fla.2000).
In this case, the former wife sought not only possession of the home, but an accounting and protection of the former husband's personal property and insurance proceeds. Yet, there was no effort to make the widow a party to the dissolution proceedings. While it would appear that the more appropriate vehicle for obtaining the relief sought by the former wife would have been a separate action for ejectment,[2] *613 replevin,[3] and an accounting, in any event, the widow was entitled to due process; i.e., proper service of process and the opportunity to be heard. Pacific Mills v. Hillman Garment, Inc., 87 So.2d 599, 602 (Fla.1956) (absent a waiver, "[o]ur traditional ideals of fair play and substantial justice demand that when a person is sued, he should have notice of the suit and an opportunity to defend"). The former wife failed to obtain personal jurisdiction over the widow by simply mailing a motion and notice of hearing. Due process requires more. Id.
Because the trial court lacked personal jurisdiction over the widow, we reverse.
Reversed.
POLEN and KLEIN, JJ., concur.
NOTES
[1] This court subsequently affirmed. Partridge v. Partridge, 790 So.2d 1280 (Fla. 4th DCA 2001).
[2] Generally speaking, the elements to be proven in an action for ejectment are "that (1) the plaintiff has title to the land, (2) the plaintiff has been wrongfully dispossessed or ousted, and (3) the plaintiff has suffered damages." Black's Law Dictionary 556 (8th ed.2004).
[3] §§ 78.01, .03, .055, Fla. Stat. (2005).