948 So.2d 836 (2007)
Theodore LOWE, Appellant,
v.
Terri Ann LOWE, Appellee.
No. 4D06-1408.
District Court of Appeal of Florida, Fourth District.
January 24, 2007.
*837 Franz E. Springmann, Sr. of Galyon & Associates, Seviervelle, TN, for appellant.
Terri Ann Lowe, Fort Lauderdale, pro se.
MAY, J.
The former husband appeals an order in post-dissolution proceedings ratifying the General Magistrate's Report and Recommendation to issue a civil contempt order, place an equitable lien on real property, and order the sale of that property. The former husband argues the court erred in failing to determine his present ability to pay the purge amount set in the contempt order, miscalculated the alimony arrearages, and improperly placed an equitable lien on the real property. We agree in part and reverse.
The dissolution of marriage took place in 1993. In 1997, the former wife obtained and recorded a judgment against the former husband in the amount of $113,804 for herself and $40,637 for her attorneys. The former husband subsequently sold his home on Camale Drive and, with his new wife, purchased property on Burtonwood Drive. Nevertheless, the judgment remained unpaid because of homestead and the lack of an order for the sale of the property. At a subsequent hearing, both parties stipulated that the former husband was $192,781 in arrears on his alimony payments.
On January 9, 2006, the former wife served the former husband with a notice of hearing for January 24, 2006, on her verified motion for civil contempt, third motion to sell the home and appoint a receiver, *838 and motion for an order to show cause. The week before the hearing, the court granted the former husband's attorney's motion to withdraw as the attorney could neither locate nor contact the former husband. Needless to say, the former husband failed to attend the January 24th hearing. The magistrate found that proper notice was given and that the former husband had voluntarily absented himself from the court's jurisdiction by failing to keep in touch with his attorney.
At the hearing, the former wife's expert testified to the chain of title of the Camale Drive and Burtonwood Drive properties and rendered an opinion on the $160,000 capital gain the former husband received from the sale of the Camale Drive property. The former wife and her sister also testified.
The magistrate granted the former wife's ore tenus motion to include the $113,804 judgment in the total amount of alimony arrearages, making the total arrearages equal $306,585 (the previously stipulated amount of $192,781, plus the $113,804 final judgment). The magistrate recommended the former husband be held in civil contempt for "having engaged in reprehensible conduct that consisted of a continuing scheme and pattern to affirmatively defraud Former Wife by improperly interfering with Former Wife's ability to recover alimony and past due alimony from Former Husband." The magistrate recommended that the court impose an equitable lien on and order the former husband to sell the Burtonwood Drive home. The magistrate also found that homestead protections did not prohibit the imposition of the lien. Gepfrich v. Gepfrich, 582 So.2d 743 (Fla. 4th DCA 1991); Robles v. Robles, 860 So.2d 1014 (Fla. 3d DCA 2003).
The report also directed the Clerk of the Court
to issue a writ of bodily attachment and such other process as may be required to cause the physical attachment of the body of Respondent/Former Husband, THEODORE LOWE, and to secure him into custody for a period of confinement for 179 days or until he purges himself of his civil contempt by depositing the sum of $165,730 plus court costs with the Clerk of this Court, representing $160,000 toward his alimony arrearage and $5,730 toward attorney's fees and costs.
The trial court ratified and approved the magistrate's report on February 27, 2006.
The former husband argues the trial court abused its discretion when it set the purge amount of $165,730, plus court costs, without testimony concerning his present ability to pay. He suggests that the trial court should have set a reasonable purge amount, but he neither suggests a reasonable amount nor explains his absence from the hearing. We find no abuse of discretion in the purge amount set by the court. The former wife's expert testified to $160,000 in capital gains the former husband received from the sale of the Camale Drive home. The purge amount included only $5,730 more toward attorney's fees.[1]See Bowen v. Bowen, 471 So.2d 1274, 1276, 1279 (Fla.1985) (no error in including $50 court costs in purge amount). This is "a reasonable purge amount based on the individual circumstances" of these parties. See Fla. Fam. L.R.P. 12.615(c)(2)(B).
The former husband next contends the trial court miscalculated his total arrearages. We disagree. The total amount included the $113,804 reduced to judgment *839 and the stipulated amount of $197,781. If the former husband is somehow implying that the $113,804 is included in the $197,781, he has failed to make that argument and further failed to provide this court with any record to support that claim. The transcript from the hearing indicates the magistrate added the amount shown due by support enforcement records to the existing judgment to reach the total. We are unable to discern any error in that calculation. We do note, however, that the magistrate used the term "exclusive" of the arrearages reduced to final judgment and it should be "inclusive" of that amount. That scrivener's error can be corrected upon remand.
Lastly, the former husband argues that because the Burtonwood Drive home is titled in both his name and that of his present wife, the trial court erred in imposing an equitable lien and forced sale when the present wife was not made a party to these proceedings. We agree.
In personam jurisdiction is a pure question of law subject to de novo review. Partridge v. Partridge, 940 So.2d 611, 612 (Fla. 4th DCA 2006). Here, the present wife was neither a party to the post-dissolution proceeding nor served with notice of the motion and hearing. The court lacked jurisdiction over the present wife to impose the lien and sale of the jointly-held property. Id.
We therefore reverse that part of the trial court's order imposing the lien and ordering the sale of the Burtonwood property, and remand the case for correction of the scrivener's error. The case is affirmed in all other respects.
Reversed in part and Affirmed in part.
KLEIN and HAZOURI, JJ., concur.
NOTES
[1] We note, however, that the court's order failed to provide for the requisite hearing on present ability to pay to be conducted within forty-eight hours of execution of the writ, an argument not made by the former husband. See Fla. Fam. L.R.P. 12.615(c)(2)(B).