Jerome H. LEMELSON, Plaintiff,

v.

SEARS ROEBUCK & COMPANY, E. J. Korvette, Inc., W. T. Grant Company, Inc., and Barker's, Inc., Defendants.

Civ. No. 11711.

United States District Court
D. Connecticut.

May 17, 1968.

Arthur T. Fattibene, Bridgeport, Conn., for plaintiff.

Robert H. Montgomery, DeLio & Montgomery, New Haven, Conn., Don K. Harness, Bruce G. Klaas, Harness, Dickey & Pierce, Detroit, Mich., for defendants.

## RULING ON DEFENDANTS' MOTION TO STAY

ZAMPANO, District Judge.

On December 18, 1963, plaintiff instituted an action against Deluxe Reading Corporation in the Southern District of New York (63 Civ. 3663). The claim was that the defendant, by manufacturing certain toy guns with a ricochet sound-producing mechanism, infringed plaintiff's patent No. 2,962,837, issued December 6, 1960. No jury trial was demanded. After discovery proceedings over a period of three years, a note of issue was filed on July 12, 1967, and the case was placed on the trial docket on October 20, 1967.

On September 17, 1964, plaintiff instituted an action against Daisy Manufacturing Company in the Southern District of New York (64 Civ. 2853). The charge was that the defendant, by manufacturing certain toy guns having a wheel-type, ricochet sound-producing mechanism, infringed plaintiff's patent No. 3,064,389, issued November 20, 1962. Plaintiff did not make a timely demand for a jury trial, and his later motion to be relieved in this respect was denied on January 31, 1967. After discovery proceedings, a note of issue was filed on September 11, 1967, and the action was placed on the trial docket.

On August 9, 1966, the plaintiff instituted a third action in the Southern District of New York (66 Civ. 2468), naming Louis Marx & Company as defendant. The plaintiff charged infringement of his patent No. 2,962,837 because of the

defendant's manufacture of toy guns with air operated, bellows-type, ricochet sound-producing mechanisms. Jury trial was timely demanded. Some discovery has been completed, but no note of issue has been filed.

On November 28, 1966, the plaintiff instituted the instant action against four, large retail chain stores, Sears Roebuck & Company, W. T. Grant Company, E. J. Korvette, Inc., and Barker's, Inc. The charge is that these defendants, by selling toy guns having ricochet sound-producing mechanisms, have infringed plaintiff's patents Nos. 2,962,837 and 3,064,489. Plaintiff has demanded a jury trial.

By orders dated May 29, 1967, June 7, 1967, and June 9, 1967, Judge Inzer B. Wyatt, of the Southern District of New York, enjoined all proceedings in the instant action with respect to any product made by the defendants in the New York actions. Leave was granted to plaintiff to proceed in the District of Connecticut with respect to any issues which do not involve products made by the New York defendants.

The defendants herein now move to stay the present action as to all the issues pending final determination of the New York actions. Plaintiff opposes such stay on the ground that one of the issues in the action at bar involves a product of the Hubley Manufacturing Company, a company not related in any way to the New York defendants. In the alternative, plaintiff seeks to transfer the case to the Southern District of New York.

After a hearing at which counsel were fully heard and after considering the record and the comprehensive briefs with attached exhibits filed by the parties, the Court concludes that the defendants' motion to stay should be granted and that the plaintiff's motion to transfer must be denied.

## I.

The main thrust of plaintiff's action in Connecticut concerns the alleged infringement of patent No. 3,064,389 by the defendants' sale of the Daisy gun. One or more of the defendants herein may also have dealt with the other New York defendants, but the unifying factor in this case is that each Connecticut defendant has sold the Daisy gun. Furthermore, the Daisy Manufacturing Company has agreed to indemnify the Connecticut defendants for all damages, legal expenses, and costs incurred by the infringement of the plaintiff's patent as a result of their sales of the Daisy ricochet gun.

On May 3, 1967, by way of a "supplemental answer" to interrogatories, the plaintiff first injected the issue of infringement concerning the Hubley gun. The Hubley Manufacturing Company of Lancaster, Pennsylvania, has long since gone out of business. In 1961–1962, the defendant Sears Roebuck Company purchased 2,767 Hubley toy guns at a cost of $3,726.00. The production of the gun terminated in 1962, and the defendant Sears made no further purchases. None of the other defendants has ever purchased this gun.

■ Upon these facts, the defendants' motion to stay should be granted for the following reasons:

1. This Court concurs in the following statements of Judge Wyatt in his memorandum of October 5, 1967:

> The defendants in the Connecticut action are obviously operators of retail stores. They are customers of the three manufacturer defendants in the three actions in this Court. They are indemnified by at least one of the defendants in this Court and are being defended in the Connecticut action by that defendant.

> Plaintiff does not satisfactorily explain, if he explains at all, why it was necessary to start an action in Connecticut. Certainly Sears, Grant, and Korvette have stores in this District and must sell the allegedly infringing toy guns in those stores. They were easily suable here, whatever may be the situation as to Barker's. Plaintiff himself lives in New Jersey, has an

office in New York, and so far as appears has no office in Connecticut. Why it is necessary to sue any customers of defendants does not appear. Plaintiff does not increase the amount of recoverable damages by suing the customers because in any event he may recover only his lost profits or a "reasonable royalty"; 35 U.S.C. § 284; Georgia-Pacific Corp. v. United States Plywood Corp., 243 F.Supp. 500, 528–29 (S.D.N.Y.1965).

It is certainly a possibility that the Connecticut action was commenced to overcome waiver of jury trial in two of the New York actions or to harass the defendants.

The same patents are in the Connecticut action and in the three earlier actions here. The parties are different in form but not in substance. To the extent that defendants in the Connecticut action are selling toy guns not made by the three defendants here, plaintiff is free to proceed. The sales of such guns, if there are any, cannot be substantial and the point seems an afterthought on the part of plaintiff.

2. As a practical matter, a trial on the issues involving the Hubley gun will undoubtedly involve substantial issues affecting the infringing products which are the subjects of the three injunctions issued by Judge Wyatt;

3. Even if plaintiff were awarded damages by reason of the sale of the Hubley toy guns at a 10% royalty, the amount would total approximately $370, certainly no justification for trying these cases piecemeal under the maxim "de minimis non curat lex", International Nickel Co. v. Martin J. Barry, Inc., 204 F.2d 583, 585 (2 Cir. 1953);

4. Plaintiff concedes that he cannot effectively try the issues concerning the Hubley gun so long as Judge Wyatt's orders remain in effect with respect to the issues concerning the Daisy gun. In moving papers submitted to Judge Wyatt on his request for a rehearing of the motions for injunctions in New York, the plaintiff states, among other things, that:

The facts of infringement surrounding the Daisy product and the Hubley product involved in the Connecticut action are so interrelated that unless the Plaintiff can bring into issue the Daisy product, a just determination of infringement of the Hubley product cannot be had.

\* \* \* \* \*

\* \* \* the Plaintiff is severely prejudiced in stating and proving his claim as to the Hubley infringement if he cannot involve the Daisy product as the acts of the Daisy and its product constitute an essential part of Plaintiff's cause of action and proof thereof as against the Connecticut defendants \* \* \*

\* \* \* \* \*

\* \* \* Plaintiff runs the risk of being in contempt if he involves the Daisy product which is a necessary aspect of his claim against the Connecticut defendants' infringement acts as to the Hubley gun.

5. The "balance of convenience" is clearly with the New York actions, instituted by the plaintiff prior to the Connecticut suit. Remington Products Corp. v. American Aerovap, Inc., 192 F. 2d 872, 873 (2 Cir. 1951).

## II.

■ Because at least one of the defendants in this action could not have been originally sued in New York, the Court's power to transfer this case to New York is lacking. Hoffman v. Blaski, 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960); Silver v. Goodman, 234 F. Supp. 415 (D.Conn.1964). In any event, no useful purpose would be served by a transfer under 28 U.S.C. § 1404(a).

Accordingly, it is

Ordered:

1. The defendants' motion to stay is granted;

2. The plaintiff's motion to transfer is denied.