398 F.2d 614
 WYNDHAM ASSOCIATES et al., Plaintiffs-Appellants,
v.
David C. BINTLIFF, A. G. McNeese, Jr., L. B. Tybor, American Stock Exchange, Moroney, Beissner & Co., Inc., A. G. Becker & Co., Inc., Defendants-Appellees, and
Goodkind, Neufeld & Co., Inc., Defendant-Appellant.
Maurice M. FRIEDMAN et al., Plaintiffs-Appellants,
v.
David C. BINTLIFF, the Chase Manhattan Bank, N. A., A. G. McNeese, Jr., L. B. Tybor, American Stock Exchange, Moroney, Beissner & Co., Inc., A. G. Becker & Co., Inc., Defendants-Appellees, and
Goodkind, Neufeld & Co., Inc., Defendant-Appellant.
 No. 457.
 No. 458.
 Docket 31976.
 Docket 31977.
 United States Court of Appeals Second Circuit.
 Argued May 7, 1968.
 Decided June 26, 1968.
 Certiorari Denied December 9, 1968.
 
 See 89 S.Ct. 444.
 Paul J. Goldberg, New York City, (Davis & Cox, Howard M. Jaffe, New York City, on the brief), for plaintiffs-appellants.
 Leo T. Kissam, New York City, (Kissam & Halpin, William R. Eckhardt, Houston, Tex., Anthony S. Genovese, Theodore S. Halaby, New York City, and Vinson, Elkins, Weems & Searls, Houston, Tex., on the brief), for defendant-appellee David C. Bintliff.
 Satterlee, Warfield & Stephens, F. W. H. Adams, Henry J. Formon, Jr., New York City, on the brief, for defendants-appellees A. G. McNeese and L. P. Tybor.
 Burton L. Knapp, New York City, (Forsythe, McGovern, Pearson & Nash, Knapp & Berson, New York City, on the brief), for defendant-appellee American Stock Exchange.
 Battle, Fowler, Stokes & Kheel, Raymond F. Gregory, Joel M. Walker, Richard M. Messina, New York City, on the brief, for defendant-appellee A. G. Becker & Co., Inc.
 Stuart D. Wechsler, New York City, (Matson, Kass, Goodkind & Wechsler, and Gerald Raskin, New York City, on the brief), for defendant-appellant Goodkind, Neufeld & Co., Inc.
 Milbank, Tweed, Hadley & McCloy, Edward J. Reilly, Jr. and Briscoe R. Smith, New York City, on the brief, for defendant-appellee The Chase Manhattan Bank, N. A.
 Olwine, Connelly, Chase, O'Donnell & Weyher, New York City, for defendant-appellee Moroney, Beissner & Co., Inc.
 Before LUMBARD, Chief Judge, and SMITH and ANDERSON, Circuit Judges.
 LUMBARD, Chief Judge:
 
 
 1
 These two class actions involve claims against eight defendants for alleged violations of the federal securities laws. On November 30, 1967, the District Court for the Southern District of New York, Sylvester J. Ryan, J., entered orders severing the claims against two of the eight defendants and transferring the actions against the remaining six defendants to the District Court for the Southern District of Texas, Houston Division. The plaintiffs and one of the transferred defendants — Goodkind, Neufeld & Co., Inc. — appeal from these orders, the District Court having certified that the orders involve a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of the litigation, and this Court having granted the applications of plaintiffs and Goodkind for leave to appeal pursuant to 28 U.S.C. § 1292(b). For the reasons stated below, we affirm the orders of the District Court.
 
 
 2
 Seven of the defendants were named in the Wyndham action. The subsequent Friedman complaint essentially repeats the allegations of the Wyndham complaint, but names one additional defendant, The Chase Manhattan Bank, N. A. For the purposes of these appeals, we shall treat the two actions as one.
 
 
 3
 The plaintiffs are shareholders of Westec Corporation who bought their shares on the American Stock Exchange. Westec is a Nevada corporation with its principal office in Houston, Texas. Eighteen of the twenty-one plaintiffs are citizens of New York; two are citizens of Connecticut and one is a citizen of California.
 
 
 4
 Defendant Bintliff is a financier who owned a substantial number of shares of Westec common stock. Defendants McNeese and Tybor are officers of the Bank of the Southwest of which Bintliff was a director. Bintliff, McNeese and Tybor are citizens and residents of Texas.
 
 
 5
 The defendants Moroney, Beissner & Co., Inc. (hereafter Moroney), A. G. Becker & Co., Inc. (hereafter Becker), and Goodkind, Neufeld & Co., Inc. (hereafter Goodkind) are stock brokerage firms. Moroney has its principal office in Houston, Texas; Becker's principal office is in Illinois; Goodkind's principal office is in New York.
 
 
 6
 The defendant American Stock Exchange (hereafter Exchange) is located and operates only in New York. Defendant Chase Manhattan Bank, N. A. (hereafter Chase), is a national banking association established within the Southern District of New York.
 
 
 7
 The complaint alleges that Bintliff engaged in a scheme to manipulate the market price of Westec stock and that Moroney, Becker and Goodkind aided and abetted the manipulative scheme by making false and misleading statements concerning Westec stock and by their participation in transactions in Westec stock. It alleges that McNeese and Tybor aided and abetted the unlawful conduct of Bintliff and the other defendants by inducing and arranging financing for transactions in Westec stock; and that the Chase aided and abetted the manipulative scheme by participating, as co-registrar and co-transfer agent, in a distribution of Westec stock, despite the fact that Chase knew or should have known that the stock, although subject to registration under the 1933 Securities Act, was not in fact registered. The complaint alleges that the Exchange, although it knew or should have known of the other defendants' unlawful conduct, permitted the defendants and others to use its facilities to manipulate the price of Westec stock, failed to take action to prevent such unlawful conduct, and failed to carry out properly the supervisory obligations imposed upon it by Section 6 of the Securities Exchange Act of 1934.
 
 
 8
 The defendants Bintliff, Moroney, Becker, McNeese and Tybor moved to transfer the action to Texas. Plaintiffs and the defendants Goodkind, Exchange and Chase opposed the transfer; each of these three defendants also moved for a severance of the claims against itself.
 
 
 9
 The district court severed the claims against the Exchange and the Chase and denied the motion to transfer as to these two defendants; the court ordered that the action against the remaining six defendants be transferred to Texas, and denied Goodkind's motion for a severance.
 
 
 10
 In ruling on these motions, the district court took note of the numerous proceedings relating to the affairs of Westec and alleged manipulations of Westec stock which are currently pending in the district court in Houston. Westec itself is in reorganization proceedings in that court under Chapter X of the Bankruptcy Act. In addition, Westec filed an action in that court for a declaratory judgment against Ernest M. Hall, Jr., Westec's former president, and James W. Williams, former chairman of its board, seeking an adjudication whether they had violated any provisions of the securities acts in connection with transactions in Westec stock, and a Westec stockholder filed a representative action against Hall, Westec and 21 other defendants claiming violations of the securities acts resulting from manipulations in Westec stock. Three other actions have recently been filed in the Houston district court — one naming Bintliff, Moroney, Becker and 29 other defendants; one naming Bintliff, Moroney and 55 other defendants; one naming Bintliff, Becker, Goodkind and 22 other defendants. Furthermore, eleven cases concerning the Westec stock manipulations had already been transferred from the Southern District of New York to the Southern District of Texas. Judge Allen B. Hannay of the Houston court has been designated as statutory judge in the Westec reorganization and all suits pending in that district arising out of the affairs of Westec or related to them, including the eleven cases transferred from New York, have been assigned to Judge Hannay.
 
 
 11
 Ten of the actions previously transferred from the Southern District of New York were transferred by order of Judge Weinfeld, Schneider v. Sears, 265 F.Supp. 257 (1967). He found that "All ten actions are brought by stockholders of Westec and allege representative claims on behalf of other Westec stockholders similarly situated. * * * The gist of all the actions is that Hall and others in the highest levels of management, acting in concert with each other and with others, engaged in a fraudulent scheme to inflate artificially the price and value of Westec stock." Having noted the actions already pending in the Southern District of Texas with regard to the affairs and transactions in Westec stock, Judge Weinfeld concluded that — in light of the location of the witnesses and documentary evidence, the strong policy favoring litigation of related claims in the same tribunal, and the relative calendar conditions in the two districts — the convenience of parties and witnesses and the interests of justice would best be served by transferring the actions to the Southern District of Texas, Houston Division.
 
 
 12
 The eleventh action, which asserts claims against Bintliff and others arising out of the alleged manipulation of Westec stock, was transferred to Texas by order of Judge Palmieri, Cosmos Bank v. Bintliff et al., 67 Civ. 1984, July 20, 1967. He stated that "[T]he alleged conspiracy to manipulate the market in Westec was carried on in Texas. * * Although this action, unlike those transferred in Schneider v. Sears, supra, is based on a specific loan transaction negotiated and consummated in New York, it is similar to those actions with respect to the allegations concerning the market manipulations of Westec stock." Judge Palmieri concluded that "It is clear * * * that a heavy balance of convenience weighs in favor of transfer to the Southern District of Texas."
 
 
 13
 In the present case Judge Ryan, after considering the opinions of Judges Weinfeld and Palmieri, stated: "It will serve no good purpose to again recite what our brothers have so carefully set forth in their opinions. The basic charges of fraud, misrepresentations and manipulation of the market price are common to all of these suits. We have concluded that transfer should be granted and that unless substantial objections are presented by a defendant, a severance should not be granted so as to retain the suit as to it in this District."
 
 
 14
 As to the Exchange, Judge Ryan found that there was no allegation that the Exchange directly participated in or profited from the alleged manipulative activities of Bintliff and his alleged co-conspirators and that at most the complaints plead a claim against the Exchange for alleged supervisory omissions. Judge Ryan concluded that fair presentation of the claims against the Exchange required that these claims be severed and that transfer of the actions be denied as to the Exchange.
 
 
 15
 With regard to the Chase, Judge Ryan noted that a suit cannot be transferred to the Southern District of Texas unless it might have been filed originally in that District, Hoffman v. Blaski, 363 U. S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960). Judge Ryan held that Section 94 of the National Banking Act, 12 U.S. C. § 94, which provides that a national banking association may be sued only "within the district in which such association may be established," was not impliedly repealed by any of the venue provisions of the Securities Act, and that therefore the Chase, a national banking association established in the Southern District of New York, could not have been sued originally in the Texas court. See Bruns, Nordeman & Co. v. American National Bank & Trust Co., 394 F.2d 300 (2d Cir. 1968). Therefore, Judge Ryan concluded that transfer as to the Chase must be denied and that the suit as to the Chase should be severed.
 
 
 16
 On this appeal, plaintiffs argue that a district court may not sever the claims against properly joined defendants in order to permit transfer of the action against the remaining defendants to a more convenient forum in which venue would not have been proper as to the severed defendants. 28 U.S.C. § 1404(a) provides "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Plaintiffs contend that "civil action" as used in this section must be interpreted as "the action as originally brought," and that a district court may not sever properly joined claims in order to transfer the remainder of the action. We agree that this section authorizes the transfer only of an entire action and not of individual claims. However, we do not agree that an entire action must mean the action as originally brought. Where certain claims are properly severed, the result is that there are then two or more separate "actions," and the district court may, pursuant to § 1404(a), transfer certain of such separate actions while retaining jurisdiction of others.
 
 
 17
 Rule 21 of the Federal Rules of Civil Procedure provides that "Any claim against a party may be severed and proceeded with separately." We believe that this provision authorizes the severance of any claim, even without a finding of improper joinder, where there are sufficient other reasons for ordering a severance. See Sporia v. Pennsylvania Greyhound Lines, 143 F.2d 105 (3d Cir. 1944).
 
 
 18
 The severance as to the Exchange was based upon the court's finding that there was no allegation of such relationship between the Exchange and the other defendants as would justify the inclusion of the claims against the Exchange in these actions. However, the severance of the claims against the Chase rested only upon the determination that the action against the Chase could not have been brought in the district court in Houston, thus presenting the question whether a severance may be ordered solely for the purpose of facilitating transfer.
 
 
 19
 We believe that where the administration of justice would be materially advanced by severance and transfer, a district court may properly sever the claims against one or more defendants for the purpose of permitting the transfer of the action against the other defendants, at least in cases where, as here, the defendants as to whom venue would not be proper in the transferee district are alleged to be only indirectly connected to the manipulations which form the main subject matter of the action.[1] There is ample authority for this procedure. See General Elec. Credit Corp. v. James Talcott, Inc., 271 F.Supp. 699 (S.D.N.Y.1966); Leesona Corp. v. Cotwool Mfg. Corp., Judson Mills Div., 204 F.Supp. 139 (W.D.S.C.), appeal dismissed, 308 F.2d 895 (4th Cir. 1962); 3A Moore, Federal Practice ¶ 21.05 at 2911-12; 1 Barron & Holtzoff, Federal Practice and Procedure § 82.2 (1967 Supp.) at 284. Otherwise, a plaintiff could preclude the court from considering whether transfer would serve the interest of justice by including a defendant, not subject to suit in the more convenient district, who was in some manner peripherally involved in the alleged wrongdoing.
 
 
 20
 Plaintiffs also argue that in this case the district court abused its discretion in transferring to Texas the action against the six defendants remaining after severance of the claims against the Exchange and Chase. Plaintiffs contend that the special venue provisions in the securities acts require that special weight be given to the plaintiffs' choice of forum; that the witnesses, who were specifically identified, and the documents which plaintiffs intend to use are for the most part located in New York and are beyond the jurisdiction of the Texas court; that transfer to Texas would severely handicap the plaintiffs' case by depriving plaintiffs of the live testimony of these witnesses; that the orders of the district court will require the plaintiffs to prove their case three times in three separate actions in two widely separated districts, a result which is inconsistent with judicial economy and which will impose on the plaintiffs a financial burden which they may be unable to bear.
 
 
 21
 Certainly, these considerations are entitled to serious consideration in determining whether a transfer would be in the interest of justice. However, we conclude that in this case they are outweighed by other factors.
 
 
 22
 There is a strong policy favoring the litigation of related claims in the same tribunal in order that pretrial discovery can be conducted more efficiently, duplicitous litigation can be avoided, thereby saving time and expense for both parties and witnesses, and inconsistent results can be avoided. We have reviewed above the claims asserted in the present actions and the situation with regard to the proceedings currently pending in the Southern District of Texas concerning the affairs of Westec and the alleged manipulations of Westec stock. The relative calendar conditions of the two courts involved are a factor which the court may properly consider on a motion to transfer. It is clear that this factor supports transfer in this case, as calendar conditions in the District Court in Houston will permit a much earlier trial than could be had in the Southern District of New York.
 
 
 23
 Furthermore, as Judge Palmieri stated in his opinion transferring the case of Cosmos Bank v. Bintliff et al., 67 Civ. 1984, July 20, 1966 (S.D.N.Y.):
 
 
 24
 Overriding, however, all that has been said is a consideration affecting the expeditious management of court business which argues persuasively for the transfer. Judge Allen B. Hannay of the United States District Court in Houston has been designated to supervise the Westec reorganization proceedings and the cases related thereto. In addition, Judge Hannay has been designated to sit in the ten derivation actions transferred from this district and in a number of stockholder actions filed in the District Court in Houston. His familiarity with the legal problems, attorneys, witnesses, and exhibits relating to the affairs of Westec constitutes a precious asset, increasing in value with the passage of time, and which will undoubtedly lighten the burden of litigants and courts alike. It would be a disservice to the overburdened multi-judge court in the Southern District of New York, as well as to the litigants, to permit the litigation to remain here in the light of Judge Hannay's designation. In short, the husbanding of judicial effort and the importance of rendering expeditious service to litigants, support transfer rather than retention of the case.
 
 
 25
 In view of these considerations, we find that there is a substantial balance in favor of severance and transfer in these cases, and that there was ample basis for the orders entered by Judge Ryan.
 
 
 26
 We now come to the questions raised by Goodkind's appeal. With regard to Goodkind, Judge Ryan noted that the complaints in the present actions allege that Goodkind knowingly and actively participated in the alleged manipulative operations, and that Goodkind is named as a defendant in one of the suits recently filed in the Southern District of Texas, which contains similar allegations of Goodkind's knowing participation in the charged manipulative scheme. Judge Ryan carefully weighed Goodkind's objection that it will not be able to bear the expense of litigating the present actions if they are transferred to Texas, but concluded that this objection was outweighed by the factors favoring centralization in the Houston court of suits of a similar nature involving the Westec stock manipulations. He ordered that as to Goodkind severance be denied and the suit be transferred to Texas.
 
 
 27
 Goodkind objects to these orders on the grounds that Goodkind is not subject to venue in Texas and that there was no clear showing that the balance of convenience favored transfer of the action against Goodkind to Texas. Section 27 of the Securities Exchange Act provides that suit to enforce liabilities under the Act or any rule or regulation thereunder may be brought in any district wherein any act or transaction constituting the violation occurred. The jurisdiction of the Texas court does not depend on whether Goodkind performed an act or transaction in that district; it is sufficient if there occurred in that district "any act or transaction" by any defendant in furtherance of a manipulative scheme in which Goodkind knowingly participated. Clapp v. Stearns & Co., 229 F.Supp. 305 (S.D.N.Y.1964); Schneider v. Sears, 265 F.Supp. 257 (S. D.N.Y.1967). In this case the alleged acts by other defendants in Texas are sufficient to satisfy this venue requirement. Furthermore, it is alleged that Goodkind accepted orders from Bintliff and his associates for the purchase of Westec stock and bought and sold for Bintliff Westec stock for the purpose of manipulating the price of the stock. Even though these purchases and sales by Goodkind may have taken place in New York, it seems likely that they involved the transmission or receipt of interstate communications in Texas, which would be sufficient to support venue in Texas under section 27 of the Act. See, e. g., Hooper v. Mountain States Sec. Corp., 282 F.2d 195, 204-205 (5th Cir. 1960), cert. denied, 365 U.S. 814, 81 S. Ct. 695, 5 L.Ed.2d 693 (1961); Matheson v. Armbrust, 284 F.2d 670 (9th Cir. 1960), cert. denied, 365 U.S. 870, 81 S. Ct. 904, 5 L.Ed.2d 860 (1961).
 
 
 28
 With regard to the balance of convenience, Goodkind argues that its only office is in New York, that its activities are wholly confined to the State of New York, that it had no contact with Texas, and that it is a small brokerage firm which will not be able to bear the expense of litigating this action in Texas. Judge Ryan considered these points and concluded that there was nevertheless a substantial balance of convenience in favor of transfer. In cases involving numerous defendants from different states, it is inevitable that some party will be inconvenienced no matter where the suit is tried. The weighing of the relative inconveniences and the determination of which forum the balance of convenience favors is a matter committed to the discretion of the district court. See, e. g., Lykes Bros. Steamship Co. v. Sugarman, 272 F.2d 679 (2d Cir. 1959); American Flyers Airline Corp. v. Farrell, 385 F.2d 936 (2d Cir. 1967). We cannot say that in this case Judge Ryan abused his discretion or that there was no basis for his order.
 
 
 29
 Goodkind also argues that the district court erred in denying its motion to dismiss the actions as to it for failure to state a claim upon which relief can be granted. Judge Ryan, in his opinion, considered this motion and stated that the motion to dismiss was denied. However, the orders entered November 30, 1967, do not contain an order denying the motion to dismiss and no such order was ever entered in the court below. Therefore, this court does not have jurisdiction to rule on this issue.
 
 
 30
 The orders appealed from are affirmed.
 
 
 
 Notes:
 
 
 [1]
 It should be noted that under the recently enacted Multidistrict Litigation Act, 28 U.S.C. § 1407 (36 U.S.L.W. 99, April 29, 1968), civil actions pending in different districts which involve one or more common questions of fact may be transferred, by the judicial panel on multidistrict litigation, to any district for coordinated or consolidated pretrial proceedings if the panel determines that transfer for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of the actions. Thus, where a severance has been ordered to permit transfer of the remaining action to a more convenient district in which venue is not proper as to the severed defendants, the severed actions may nevertheless be transferred to that district for consolidated pretrial proceedings