**Antonio FERRI and Ira R. Schwartz**

v.

**UNITED AIRCRAFT CORPORA-TION et al.**

**Civ. No. 15567.**

United States District Court,
D. Connecticut.

April 12, 1973.

Arthur I. Neustadt, Washington, D. C., for plaintiffs.

Vernon F. Hauschild, East Hartford, Conn., William D. Hall, Washington, D. C., for defendants.

## MEMORANDUM OF DECISION ON PLAINTIFFS' MOTION TO REMAND FILES

NEWMAN, District Judge.

Plaintiffs' motion to remand the files in this case to the Southern District of Florida presents this Court with a jurisdictional conundrum. Plaintiffs filed the suit in the Southern District of Florida, alleging patent infringement by defendant United Aircraft Corporation and nine airline defendants, which are customers of United Aircraft. Judge King transferred the case to this district pursuant to 28 U.S.C. § 1404(a). Plaintiffs assert this Court has not acquired jurisdiction over the suit because the case was not subject to transfer to this district. They claim that this Court lacks jurisdiction over the airline defendants and that venue is improper as to them, and therefore this is not a district where the action "might have been brought" within the meaning of § 1404(a). They contend that, lacking jurisdiction over the suit, this Court is obligated to return the files whence they came.

Defendants resist the motion on several grounds. They claim the action cannot be retransferred to the Southern District of Florida because venue is lacking there with respect to United Aircraft. They also contend the action was properly transferred here because the airline defendants are "subsidiary" defendants as to whom personal jurisdiction in this district is not required for a proper § 1404(a) transfer. Alternative-

ly, defendants urge that if the entire suit was not properly transferred here, the order of Judge King should be construed as severing the claim against United Aircraft from the claims against the carriers and transferring only the claim against United Aircraft. Finally, as an alternative to the alternative, defendants contend that this Court has authority to sever the claim against United Aircraft from the claims against the carriers and proceed to adjudicate the claim against United Aircraft, over whom this Court's jurisdiction is clear. Surely this is an extraordinary set of conflicting contentions to arise under a statute designed to promote "convenience."

Were the slate clean, I would have seriously doubted whether a district court should in any way reconsider the action of another district court of coordinate jurisdiction, even on a matter as fundamental as jurisdiction, for all of the reasons stated by Justice Frankfurter in his dissenting opinion in Hoffman v. Blaski, 363 U.S. 335, 345, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960). But the decision of the Court in *Blaski* holds that a district court to which an action has been improperly transferred should return the case, even when the propriety of the transfer has been upheld by a court of appeals decision declining to issue mandamus against the transferring judge. Some of the reasons for this view are elaborated by the Court in a footnote. 363 U.S. at 340, n. 9, 80 S.Ct. 1084, 4 L.Ed.2d 1254. Notwithstanding Judge King's order, I am obliged, in determining my own jurisdiction, to consider the propriety of the transfer.

■■ Before Judge King, all parties agreed that Hoffman v. Blaski, *supra*, precluded transfer of the entire action unless jurisdiction and venue could be established in this district with respect to all defendants, and all parties agree that jurisdiction and venue are lacking here as to the defendant carriers. But defendants have shifted from the position they took in Florida and now urge that *Blaski* precludes transfer only

where none of the defendants might have been sued in the transferee district. They rely on dictum in the Seventh Circuit's decision in Hoffman v. Blaski, 260 F.2d 317, 322 (7th Cir. 1958). That dictum appears to have been rejected by the reasoning of the Supreme Court's decision in *Blaski*. Since the Supreme Court's decision, numerous courts, including this district, have held that a transfer is improper under § 1404(a) unless jurisdiction and venue exist with respect to all defendants. Shutte v. Armco Steel Corp., 431 F.2d 22 (3d Cir. 1970), cert. denied, 401 U.S. 910, 91 S. Ct. 871, 27 L.Ed.2d 808 (1971); Johnson & Johnson v. Picard, 282 F.2d 386 (6th Cir. 1960); Lemelson v. Sears Roebuck & Co., 292 F.Supp. 170 (D.Conn. 1968); Levin v. Mississippi River Corp., 289 F.Supp. 353 (S.D.N.Y.1968). Nor can a transfer be accomplished by the defendants' consenting to the jurisdiction of the transferee district and waiving their objection to improper venue. Alabama Great Southern R. Co. v. Allied Chemical Co., 312 F.Supp. 3 (E.D.Va. 1970); Jaffe v. Dolan, 264 F.Supp. 845 (E.D.N.Y.1967); Silver v. Goodman, 234 F.Supp. 415 (D.Conn.1964).

■ More substantial is defendants' contention that even if *Blaski* precludes transfer unless the action might have been brought in the transferee district against all defendants, an exception to this rule has been created by the Supreme Court's later decision in Continental Grain Co. v. Barge FBL–585, 364 U.S. 19, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960). In that case plaintiff had joined in a single action an *in personam* claim against a barge owner and an *in rem* claim against the barge for damages arising out of a single incident. Plaintiff sought to resist transfer of the action on the ground that the transferee district lacked jurisdiction over the res, and hence the action was not one that could have been brought in its entirety in the transferee district. Over the dissent of the author of *Blaski*, the Court upheld the transfer on the ground that the *in rem* action was only "an alterna-

tive way of bringing the owner into court," 364 U.S. at 26, 80 S.Ct. at 1475. The Court also concluded that the admiralty fiction that a vessel may be assumed to be a person for purposes of filing a lawsuit should not be permitted to defeat the transfer. Id. at 22–23, 80 S. Ct. 1470. See Van Dusen v. Barrack, 376 U.S. 612, 620, n. 9, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964).

Defendants analogize the claim against the carriers here to the *in rem* claim in *Continental Grain*. It is true that United Aircraft has agreed to pay any judgments that may be rendered against the carriers just as the barge owner agreed to pay any judgment rendered against the barge, 364 U.S. at 27, 80 S.Ct. 1470. Nevertheless the analogy is not exact. The claim against the carriers is not an alternative way of bringing the manufacturer into court, and the claims against the carriers surely do not rest on a legal fiction. Plaintiffs have sued the carriers to have the full benefit of the six-year period of limitations specified for patent infringement claims, 35 U.S.C. § 286. Some uses of the patents by the carriers may fall within the period of limitations though some sales by the manufacturer may be barred. United Aircraft's offer to pay judgments rendered against the carriers does not eliminate the fact that the claims against the carriers are separate and distinct from the claims against United Aircraft. In these circumstances, the rule of *Blaski* and not the *Continental Grain* exception applies, and in the absence of jurisdiction in this Court over the carriers, the transfer of the entire action is ineffective to vest this Court with jurisdiction over the suit.

■ Defendants next contend that Judge King's order should be construed by this Court as if it had ordered severance of the plaintiffs' claims against United Aircraft and transferred only the severed portion of the suit. This cannot be done for the simple reason that however desirable such a step would have been, it is not what Judge King did. He transferred the entire action. His decision specifically refers to transfer of the entire lawsuit as an "alternative" to severance.

■ Moreover, as the pleadings stood in the Southern District of Florida, it is not entirely clear that Judge King would have severed the claims against United Aircraft had he doubted his authority to transfer the entire action. From the transcript of the oral argument on the motions in the Florida court, it appears that Judge King was anxious to accomplish two objectives: trial of the patent infringement claims against United Aircraft in Connecticut, and the avoidance of proceedings in two districts. It now appears, however, from pleadings filed in this district, that both of Judge King's objectives can be readily accomplished. If, upon return of the case from this district, Judge King immediately severs the claims against United Aircraft and transfers those claims back to this district, the carriers have indicated, by a pleading that is now part of the record, that they will seek to intervene in the severed action against United Aircraft and will grant the plaintiffs the right to assert claims against the carriers as of the same date that the plaintiffs' action was originally filed in Florida. This will assure that all aspects of the case will be handled in one district and that plaintiffs will have the full benefit of the period of limitations that they would have had if their claims against the carriers had been litigated in Florida. In these circumstances, it seems virtually inevitable that Judge King will sever the claims against United Aircraft and transfer those severed claims to this district, a result which this Court believes is thoroughly warranted.[1]

1. The issues of patent validity and infringement by United Aircraft should be tried in this district since the manufacturer and many witnesses are located here, the plant and the heavy engines can be easily viewed here by the jury that plaintiffs have demanded, and one of the plaintiffs lives in New York (and the other in California).

The Second Circuit has approved a severance of claims for purposes of permitting a transfer of the severed claims at least where the remaining defendants are only "peripherally involved." Wyndham Associates v. Bintliff, 398 F.2d 614, 619 (2d Cir. 1968). Customer defendants of an allegedly infringing manufacturer would seem to fall within this category at least where, as here, the manufacturer has undertaken the defense of the infringement claims against the customers and agreed to indemnify them for any damages. Severance for purposes of effecting a transfer has twice been ordered in precisely this situation, even in the absence of anticipated intervention by the customer defendants after transfer of the claims against the manufacturer. Mobil Oil Corp. v. W. R. Grace & Co., 334 F.Supp. 117 (S.D.Tex.1971); Potter Instrument Co., Inc. v. Control Data Corp., 169 U.S.P.Q. 86 (S.D.Ind.1971). Moreover, there appears to be no obstacle to intervention by customers in an infringement action against their supplier. *Cf.* Stewart-Warner Corp. v. Westinghouse Electric Corp., 325 F.2d 822 (2d Cir. 1963).

The severance-and-intervention technique may be questioned as a circumvention of the rule that transfer to a district where jurisdiction and venue as to some defendants are lacking cannot be accomplished by their consent. But this "rule" serves no substantial purpose and is simply the result of the *Blaski* decision's technical view of § 1404(a). Moreover, the technique does not leave the choice of forum to the whim of the defendants; the discretion of the transferor court on the issue of severance and of the transferee court on the issue of intervention provide adequate assurance that the "interest of justice" will be the controlling standard.

Defendants understandably argue that if Judge King in all likelihood intends such a result, it would be simpler for this Court to accomplish it directly by severing the claims against United Aircraft now, instead of returning the case so that Judge King can order the severance. The distinction between the two courses is technical, but that is the nature of jurisdictional issues. The plain fact is that this Court lacks jurisdiction over the action and therefore is without power to sever the claims against United Aircraft. The only court that can order severance is a court with jurisdiction over the entire action, and that court, perhaps now, but surely after return of the case to it, is the Southern District of Florida. Even if the return for severance by Judge King is not absolutely required, it seems preferable to avoid even the risk of a jurisdictional defect before beginning in this district a complex and obviously time-consuming piece of litigation.

Finally, defendants contend that this Court cannot return the case to the Southern District of Florida because the transferability criteria of § 1404(a) are not met. They assert that venue is lacking in the Southern District of Florida as to United Aircraft. Clearly plaintiffs are not asking this Court to act pursuant to § 1404(a); hence determination of whether a retransfer is proper under that statute need not be made. Once this Court determines that a case has been improperly transferred to it, it is obligated under *Blaski* to return the case to the transferor court. Whether labeled a "remand" as in *Blaski* or a "return of the files" as in plaintiffs' motion or a "retransfer" as in defendants' opposition papers, it must be done. An inappropriate transferee district obviously cannot hold a case over which it lacks jurisdiction because of some alleged infirmity in its power to return the case to the transferor district. Returning the case is not an exercise of jurisdiction; it is a ministerial act the court must perform to effectuate its determination that it lacks jurisdiction.

Accordingly, the plaintiffs' motion to remand the files designated 72–1534–CIV–JLK is granted, and the Clerk is directed to send to the District Court for the Southern District of Florida all of the files that were sent to this district

under the designation 72–1534–CIV–JLK together with all of the files that are in this Court under the designation Civil Action No. 15,567.

Defendants' motion to stay the effective date of this order for fifteen days to permit application to the Court of Appeals for the Second Circuit for a writ of mandamus is denied for the reason that this Court's action is not a determination that the case does not ultimately belong here, but is only a technical step to insure that the litigation proceeds here without risk of jurisdictional defect upon Judge King's severance of the plaintiffs' claims against United Aircraft and the transfer of those claims to this district, at which point the motion of the carriers to intervene, on the terms they have already agreed to, can be granted.