In re FIRST INTERNATIONAL SER-
VICES CORPORATION, Debtor.

FIRST INTERNATIONAL SERVICES
CORPORATION, Plaintiff,

v.

ECONOTECH SERVICES,
INC., Defendant.

Bankruptcy No. 5–81–00354.
Adv. No. 5–83–0240.
Civ. Misc. No. B–83–71.

United States District Court,
D. Connecticut.

Oct. 4, 1983.

Bertin C. Emmons, Boston, Mass., Bar-
bara Hadley Katz, DiPietro, Kantrovitz &
Brownstein, New Haven, Conn., for plain-
tiff.

Richard J. Kwasny, Robert Joel Zakroff,
Washington, D.C., for defendant.

## RULING ON MOTIONS FOR CHANGE OF VENUE

ELLEN B. BURNS, District Judge.

Plaintiff filed a petition under Chapter 11
of the Bankruptcy Code on April 12, 1981,
in the United States Bankruptcy Court for
the District of Connecticut. On April 18,
1983, plaintiff filed these adversary pro-
ceedings in the bankruptcy court, seeking
to recover franchise termination and other
fees and to enforce compliance with the
reorganization plan. Subsequently, on
May 27, 1983, the Bankruptcy Judge re-
moved this and the related adversary mat-
ters to the United States District Court for
the District of Connecticut. The defend-
ants filed motions in both cases for change
of venue to the United States District
Court for the District of Maryland, pursu-
ant to 28 U.S.C. Sections 1404 and 1406.

The plaintiff-debtor is a franchisor of
hair styling salons which operate through-
out the United States and Canada. It is
currently operating under a reorganization
plan (Plan) confirmed by an order of the
Bankruptcy Court. In addition, the parties
entered into a Stipulation for Interim Fund-
ing (Stipulation) dealing with operations
during the period between the filing of the
Plan and its confirmation. Both the Plan
and the Stipulation, out of which the claims
in the Complaint arise, are on file in the

bankruptcy court and may become part of the record in these adversary proceedings.

At the bankruptcy court's hearing on the confirmation of plaintiff's Plan, plaintiff's witnesses testified as to the importance of an inexpensive collection process to recover the fees due plaintiff under the Plan. Plaintiff has filed several complaints seeking to compel compliance with the Plan and to collect termination fees from former franchisees operating in as many as nine states. Plaintiff argues that the viability of its reorganization plan requires these collection suits to proceed in one forum rather than around the country.

## DISCUSSION

■ It appears that venue for the two adversary proceedings may lie either in the District of Connecticut or the District of Maryland. Therefore, 28 U.S.C. Section 1404(a) is the statutory provision governing this motion for a change of venue. Under that provision, the Court may exercise its sound discretion to determine whether the interests of justice would be served by a transfer. Among the factors affecting a decision to transfer under 28 U.S.C. Section 1404(a), the Court may consider the convenience of witnesses, *see e.g., Saminsky v. Occidental Petroleum Co.,* 373 F.Supp. 257, 259 (S.D.N.Y.1974), the relative financial resources of the parties, *see e.g., Wyndham Associates v. Bintliff,* 398 F.2d 614, 619 (2d Cir.), *cert. denied,* 393 U.S. 997, 89 S.Ct. 444, 21 L.Ed.2d 438 (1968), the choice of law, *see e.g., Lieb v. American Pacific International, Inc.,* 489 F.Supp. 690, 697 (E.D.Pa.1980), and judicial economy, *see e.g., Wyndham Associates v. Bintliff, supra.*

In addition to the usual factors considered under 28 U.S.C. Section 1404(a), bankruptcy courts have recognized several factors peculiar to bankruptcy proceedings in deciding a motion for change of venue under 28 U.S.C. Section 1475. These factors, derived from the remedial character of the reorganization proceeding, include "the proximity of creditors of every kind to the Court; the proximity of the debtor to the Court; the proximity of the witnesses necessary to the administration of the estate; the location of the assets; the economic administration of the estate; and the necessity for ancillary administration if bankruptcy should result." *In re Cole Associates, Inc.,* 7 B.R. 154, 157 (Bkrtcy.D. Utah 1980). These factors weigh heavily in favor of a forum in the same district as the bankruptcy proceedings.

The Report of the Commission on the Bankruptcy Laws of the United States, which led to the passage of the Bankruptcy Reform Act of 1978, noted the importance of diminishing

> the handicaps imposed on litigation by the trustee in the bankruptcy court by the jurisdictional limitations, while providing a mechanism for assuring convenience to all parties to particular litigation and ensuring that the more general public interest in a fair and expeditious disposition of the litigation will be appropriately balanced in the final selection of a forum.

Reprinted in *Collier on Bankruptcy,* Appendix 2, at 89–90 (15th ed. 1979). The new Bankruptcy Act "presumptively centered all bankruptcy-related litigation in one bankruptcy court, but provided exceptions to the general rule in certain cases where there was a non-forum district defendant." *Matter of Trim-Lean Meat Products, Inc.,* 11 B.R. 1010, 1012 (D.C.D. Del.1981). The exceptions to the general rule that venue will lie in the bankruptcy court, listed in 28 U.S.C. Section 1473, are not applicable here. While the adversary proceedings at issue here have been removed to the District Court, there remains a presumption that venue should lie in the same district as the bankruptcy proceedings.

■ Plaintiff argues not only that the bankruptcy estate is administered in Connecticut, but that other adversary proceedings have been brought in Connecticut. Plaintiff's successful reorganization, with its resulting benefit to unsecured creditors, should be facilitated by prosecution of these cases in one forum. Plaintiff notes,

as well, that the franchise agreement with the defendants in each of the adversary proceedings provides for application of Connecticut law; the settlement by arbitration in Connecticut of disputes relating to the franchise agreements, and jurisdiction of the Superior Court of the State of Connecticut. It is clear that defendants had notice that they might be brought into court in Connecticut.

Defendants support their motions with conclusory allegations that the bulk of witnesses are located in the District of Maryland and that defendants will be unduly burdened by defense of the actions in Connecticut. The defendants do not identify the roles of the necessary witnesses from Maryland or otherwise explain their allegations.

Given the Congressional preference for centering bankruptcy-related proceedings in one district and the choice of Connecticut law and of a Connecticut forum within the franchise agreements, without counter-balancing claims by defendants, the Court finds that the interests of justice would be served by denying the motions to transfer.

SO ORDERED.