Alphonse CAMASSO, Lyra Camasso, Richard Dion, Carmen Dion, Kevin Larocque, Paul Merritt, Virginia Merritt, George Semanie, Valerie Semanie, Paul Brennan, Dorothy Brennan, James Lomme, Lois Lomme, Martin Paul Flanagan, Lillian Flanagan, Stanley Plifka, Lori Plifka, Pamela Lucas Hartling, Gene Hartling, Richard Varrato, Linda Varrato, John Mirisola, and Sharon Mirisola, Plaintiffs,

v.

DORADO BEACH HOTEL CORPORATION d/b/a Hyatt Regency Cerromar Resort, Hyatt Hotels of Puerto Rico, Inc., and Hyatt Corporation, Defendants.

William BONOMI, Lynn Bonomi, Brad Cronin, Pauline Cronin, Donald D'Amour, Michelle D'Amour, Paul D'Amour, Helen D'Amour, Frank Disanti, Kathleen Disanti, Stephen McGarty, Roxanne McGarty, Thomas Millette, Claire Millette, Janet Rankin, Douglas Thornton, Kathleen Thornton, and Big Y Foods, Inc., Plaintiffs,

v.

DORADO BEACH HOTEL CORPORATION d/b/a Hyatt Regency Cerromar Resort, Hyatt Hotels of Puerto Rico, Inc., and Hyatt Corporation, Defendants.

Civ. A. Nos. 87–529, 87–559.

United States District Court,
D. Delaware.

June 23, 1988.

Alan T. Boyd of Bayard, Handelman & Murdoch, Wilmington, Del., of counsel: Thomas A. Kenefick, III, and Peter W. Shrair of Cooley, Shrair, Alpert, Labovitz & Dambrov, P.C., Springfield, Mass., for plaintiffs in Civ. A. No. 87–529.

Alan T. Boyd of Bayard, Handelman & Murdoch, Wilmington, Del., of counsel: George F. Kelly of Ryan & White, P.C., Springfield, Mass., for plaintiffs in Civ. A. No. 87–559.

Donald E. Reid of Morris, Nichols, Arsht & Tunnell, Wilmington, Del., of counsel: Paul W. Goodrich of Morrison, Mahoney & Miller, Boston, Mass., for defendants.

## OPINION

MURRAY M. SCHWARTZ, Chief Judge.

A November, 1986 alleged outbreak of salmonella poisoning at the Hyatt Regency Cerromar ("Cerromar") Resort located in Dorado Beach, Puerto Rico, led to the filing of two lawsuits in the Delaware District against identical defendants. Defendants are Dorado Beach Hotel Corporation d/b/a Hyatt Regency Cerromar Resort, a Delaware corporation, with its principal place of business in Puerto Rico; Hyatt Hotels of Puerto Rico, Inc., a Delaware corporation, with its principal place of business in Puerto Rico; and Hyatt Corporation, a Delaware corporation, with its principal place of business in Chicago, Illinois. The first filed suit has twenty-three plaintiffs: twelve residents of Massachusetts, five residents of New Hampshire, four residents of Connecticut, and two residents of Maine.[1] There are seventeen private plaintiffs in the second filed suit: eleven residents of Massachusetts and six residents of Connecticut, plus one Massachusetts Corporation.[2] Defendants initially filed a motion to change venue in both civil actions to Puerto Rico pursuant to 28 U.S.C. § 1404(a). Thereafter, perceiving potential difficulties with their legal positions on transfer, defendants filed an alternative motion in both lawsuits to sever one of the defendants or dismiss the entire action on grounds of *forum non conveniens.*

While the two complaints have not been consolidated, defendants' identical motions are treated in one opinion. Defendants' motions to transfer will be denied because these lawsuits could not "have been brought" in Puerto Rico. Defendants' alternative motion to sever or dismiss will be denied because neither is appropriate.

I. *Motion for Change of Venue*

Treating the two lawsuits as one for purposes of defendants' motion, there are

---

1. *Alphonse Camasso, Lyra Camasso, Richard Dion, Carmen Dion, Kevin Larocque, Paul Merritt, Virginia Merritt, George Semanie, Valerie Semanie, Paul Brennan, Dorothy Brennan, James Lomme, Lois Lomme, Martin Paul Flanagan, Lillian Flanagan, Stanley Plifka, Lori Plifka, Pamela Lucas Hartling, Gene Hartling, Richard Varrato, Linda Varrato, John Mirisola, and Sharon Mirisola v. Dorado Beach Hotel Corporation d/b/a Hyatt Regency Cerromar Resort, Hyatt Hotels of Puerto Rico, Inc., and Hyatt Corporation,* Civil Action No. 87–529 MMS.

2. *William Bonomi, Lynn Bonomi, Brad Cronin, Pauline Cronin, Donald D'Amour, Michelle D'Amour, Paul D'Amour, Helen D'Amour, Frank DiSanti, Kathleen DiSanti, Stephen McGarty, Roxanne McGarty, Thomas Millette, Claire Millette, Janet Rankin, Douglas Thornton, Kathleen Thornton, and Big Y Foods, Inc. v. Dorado Beach Hotel Corporation d/b/a Hyatt Regency Cerromar Resort, Hyatt Hotels of Puerto Rico, Inc., and Hyatt Corporation,* Civil Action No. 87–559 MMS.

forty individual plaintiffs, 23 from Massachusetts, 10 from Connecticut, 5 from New Hampshire and 2 from Maine, plus a Massachusetts corporation. All three defendants are Delaware corporations with two having their principal place of business in Puerto Rico. The third defendant corporation, Hyatt Corporation, is not qualified to do business in Puerto Rico.

28 U.S.C. § 1404(a) provides:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action *to any other district or division where it might have been brought.*

(emphasis added).

■ The statute sets forth three criteria which must be satisfied before transfer is appropriate: 1) it must be established that the action "might have been brought" in the transferee district; 2) a transfer must serve the convenience of parties and witnesses and 3) the interests of justice must counsel transfer. If the first criteria is not met, there can be no transfer under Section 1404, irrespective of the convenience of parties and witnesses and the interests of justice. *See VanDusen v. Barrack*, 376 U.S. 612, 616, 84 S.Ct. 805, 809, 11 L.Ed.2d 945 (1964).

■ A prerequisite to transfer under Section 1404(a) is that the plaintiff have an unqualified right to bring the action in the transferee district. This unqualified right is satisfied only if at the time of commencement of suit venue is proper in the transferee forum and the transferee district has the power to exercise personal jurisdiction over all defendants. *Hoffman v. Blaski*, 363 U.S. 335, 343–44, 80 S.Ct. 1084, 1089, 4 L.Ed.2d 1254 (1960); *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 24 (3d Cir.1970), *cert. denied*, 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971). Plaintiffs do not contest venue would be proper in Puerto Rico. Similarly, plaintiffs concede two of the

three defendants who do business in Puerto Rico are subject to personal jurisdiction in Puerto Rico. Plaintiffs do assert the Puerto Rico district court could not exercise personal jurisdiction over the third defendant, Hyatt Corporation, because it is a Delaware corporation with its principal place of business in Chicago, Illinois, and is not qualified to do business in Puerto Rico.

Defendants have pointed to no provision in the Puerto Rico long-arm statute which would permit an assertion of personal jurisdiction by the District Court in Puerto Rico. In fact, they conceded there was no personal jurisdiction in their brief:

Based on the current record, however, defendants concede that a simple transfer of the entire case pursuant to Section 1404(a) is not possible due to the fact that it does not appear from the record that plaintiffs could have obtained personal jurisdiction over Hyatt Corporation in Puerto Rico.

Defendant's Reply Brief in Support of Their Alternative Motions to Sever or Dismiss, C.A. No. 87–559, Dkt. 18 at 1.[3] However, at oral argument, defendants insisted there was personal jurisdiction, because if defendant Hyatt Corporation committed the acts alleged in plaintiffs' complaint, it would be subject to personal jurisdiction in Puerto Rico. Defendants contend that, because the same set of facts govern both decisions, if there is personal jurisdiction over defendant Hyatt Corporation, it is also liable and if there is no jurisdiction, it is not liable. This obviously circular argument is totally bereft of merit. It confuses personal jurisdiction with the substantive merits.

These actions could not have been brought in Puerto Rico because there is no personal jurisdiction over Hyatt Corporation. Accordingly, Puerto Rico is not a jurisdiction where suit "might have been brought" within the meaning of 28 U.S.C.

---

**3.** Defendants make the identical concession in the companion case:

Based on the current record, however, defendants concede that a simple transfer of the entire case pursuant to Section 1404(a) is not possible due to the fact that it does not presently appear that plaintiffs could have obtained jurisdiction over Hyatt Corporation in Puerto Rico if the action had been originally filed there.

Defendants' Reply Brief in Support of Their Motion to Sever and Transfer, C.A. No. 87–529, Dkt. 19 at 1.

§ 1404(a). As a consequence, the Court will enter an order denying defendants' 28 U.S.C. § 1404(a) motion for change of venue.

## II. *Motion to Sever or Dismiss*

Defendants, correctly perceiving they face an insurmountable obstacle for a statutory change of venue, filed an alternative motion to sever or dismiss. Defendants seek an order directing a severance of the claims against Hyatt Corporation from the claims against the other defendants so that lawsuit would be one "which might have been brought" in Puerto Rico. Defendants also urge that if their motion to sever is denied, the entire action should be dismissed under the doctrine of *forum non conveniens.* Defendants have offered several inducements to pave the way for grant of its alternative motions. If the Court were to sever and transfer, Hyatt Corporation has undertaken to file a motion to intervene in the Puerto Rico action. If the Court were to order a *forum non conveniens* dismissal, Hyatt Corporation has obligated itself to consent to the jurisdiction of the United States District Court for the District of Puerto Rico. In addition, all defendants recognize the Puerto Rico statute of limitations would bar plaintiffs' claims and agree to waive the limitations defense.

Defendants' motion to sever and transfer will be denied for two independent reasons. First, defendants have not carried their burden of demonstrating a transfer would result in convenience for parties and witnesses or in the interest of justice. Second, defendants' proposal is an attempt at a blatant "end-run" around Section 1404. *See Hoffman v. Blaski*, 363 U.S. 335, 342–44, 80 S.Ct. 1084, 1088–90, 4 L.Ed.2d 1254 (1960).

The analysis of convenience in a motion to transfer begins with the oft-quoted standard set forth in *Shutte v. Armco Steel Corp.*, 431 F.2d 22 (3d Cir.1970), *cert. denied*, 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971). Unless the balance of convenience of the parties is strongly in favor of

defendant, the plaintiffs' choice of forum should prevail. *Id.* at 25. However,

> when plaintiffs choose to bring suit in a district that is not at or near their place of residence, the "convenience to plaintiff[s] of litigating in [their] choice of forum is not as great as it would be were [they] litigating at or near [their] residence, [their] principal place of business, or the site of the activities at issue in the lawsuit." Thus, the *Shutte* rule has "less of an impact in those cases where the plaintiff selects a forum which is connected neither with the plaintiff or [sic] the subject matter of the lawsuit."
> ...

*Minstar, Inc. v. Laborde*, 626 F.Supp. 142, 145 (D.Del.1985) (citations omitted). Notwithstanding this "lesser impact" when determining convenience in a case not brought on plaintiff's "home-turf," a court may keep in mind that plaintiffs' chosen forum may still be far more convenient to plaintiffs than the transferee forum. "[T]he quantum of inconvenience to defendant needed to tip the balance strongly in favor of transfer necessarily will be less than in the case where plaintiff's choice of forum is highly convenient to plaintiff." *General Instrument Corp. v. Mostek Corp.*, 417 F.Supp. 821, 823 (D.Del.1976). In the instant matter, plaintiffs are all from the northeast and could be in and out of the Wilmington District in a day during presentation of any plaintiff's particularized damage facts. On the other hand, if the trial is in Puerto Rico, plaintiffs would have to find overnight accommodations for themselves and their witnesses.

■ Defendants correctly urge the vast majority, if not all, of their witnesses are located in Puerto Rico. They have identified twenty witnesses such as hotel employees, physicians, medical personnel officials of the Puerto Rican Department of Environmental Health and vendors providing food services who reside in Puerto Rico. These defense witnesses will testify about the condition of the hotel's kitchen, procedures for food preparation, the serving and storage of prepared food, defendants' efforts to maintain a clean and safe environment, and the activities and find-

ings of health professionals and officials who examined the hotel before and after plaintiffs' illness. On the other hand, the forty plaintiffs and their separate individualized medical witnesses all reside in the northeast.

Plaintiffs and defendants have committed themselves to taking the opponents' depositions at a place convenient to the other. That is, if transfer is granted, defendants have obligated themselves to take the depositions of plaintiffs and their witnesses at a convenient location in the northeast; if transfer is not granted, plaintiffs have assured the Court all depositions of Puerto Rican witnesses will be taken in Puerto Rico.

Most, if not all, non-party liability witnesses are located in Puerto Rico, and all plaintiffs and important non-party damage witnesses are in the northeast. The transfer urged by defendants simply will result in a shifting of inconvenience from defendants to plaintiffs.[4]

Defendants also urge the "interest of justice" component of § 1404(a) will be served by transfer to Puerto Rico. Specifically, they state access to proof is greater in Puerto Rico, a view of the preparation of food and condition of the hotel can only be had if the matter is tried in Puerto Rico, and compulsory process on non-party liability witnesses is available in Puerto Rico.

The above contentions, while true when viewed solely from the perspective of defendants, are unpersuasive when balanced against plaintiffs' interests. While the access to proof factor favors defendants in the liability phase, the same factor is strongly in favor of the plaintiffs in the damage phase. The need for view of the hotel or its food preparation is virtually nil. Finally, if the action were transferred to Puerto Rico, plaintiffs would have equal difficulty with respect to non-party compulsory process of treating physicians and other experts.

■ There is a second independent reason why the Court should decline to sever and transfer. The motion to sever is an undisputed effort to circumvent Section 1404(a) and *Hoffman v. Blaski,* 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960). *Hoffman* explicitly held for Section 1404 purposes the transferee court must have jurisdiction over all defendants at the time of filing of the complaint, and a failure to have jurisdiction cannot be cured by defendants' consent. 363 U.S. at 343–44, 80 S.Ct. at 1089–90. Defendants' motion to sever and transfer, coupled with Hyatt Corporation's commitment to intervene if the action were severed as to it and transferred to Puerto Rico, seeks to accomplish what *Hoffman* forbids. Defendants point to *Wyndham Associates v. Bintliff,* 398 F.2d 614 (2d Cir.), *cert. denied,* 393 U.S. 977, 89 S.Ct. 444, 21 L.Ed.2d 438 (1968), and *Ferri v. United Aircraft Corp.,* 357 F.Supp. 814 (D.Conn.1973), as support for its proposed transgression.

The *Wyndham* court had before it two class actions against eight defendants who allegedly engaged in a scheme to manipulate the price of stock. 398 F.2d at 615–16. One defendant, the American Stock Exchange, seemingly precluded transfer to the district court in Houston where numerous other proceedings involved the same alleged stock manipulation were pending and to which eleven other cases had been transferred by the transferor court. *Id.* at 617–18. Faced with all factors pointing unequivocally to transfer, the transferor court determined it was preferable to have duplicative litigation in two forums. *Id.* at 618–19. The instant case is a far cry from the *Wyndham* facts. Defendants' other case, *Ferri,* is easily distinguished since it merely suggested in dicta an "end run" around Section 1404 by employment of the severance and transfer tactic. *See* 357 F.Supp. at 818.

---

**4.** Defendants rely upon two "hotel" cases. *Campbell v. Hilton Hotels Corp.,* 611 F.Supp. 155 (E.D.Mich.1985), and *Kyle v. Days Inn of America, Inc.,* 550 F.Supp. 368 (M.D.Pa.1982). While both cases are personal injury actions with ho-

tels as defendants, they are distinguishable because each involved only a husband and wife as plaintiffs, while the instant matter has forty individual plaintiffs.

Having determined transfer to Puerto Rico would only shift inconvenience of parties and witnesses from defendants to plaintiffs and the interest of justice would not be served by a transfer, it follows no purpose would be served by severing the action against Hyatt Corporation. An order will be entered denying defendants' motion to sever and transfer.

Defendants have also moved for a *forum non conveniens* dismissal to compel plaintiffs to litigate in the Puerto Rico forum. Defendants' *forum non conveniens* dismissal is completely inappropriate because, as demonstrated above, neither convenience of parties nor the convenience of witnesses favors defendants. Moreover, passage of 28 U.S.C. § 1404 superseded the doctrine for purposes of federal inter-district court transfer. *See Hoffman,* 363 U.S. at 342, 80 S.Ct. at 1088–89. Finally, defendants have presented no valid reason why this action should be dismissed so as to relegate plaintiffs to a Puerto Rico local court. An order will be entered denying defendants' alternative motion to dismiss on *forum non conveniens* grounds.

In summary, the Court has denied defendants' motion to change venue because Puerto Rico is not a district where this action "might have been brought." In addition, defendants' motion to sever and transfer has been denied because transfer would only shift the inconvenience to plaintiffs from the defendants and their witnesses, and because the interests of justice would not be served by a transfer. Finally, defendants' motion for a *forum non conveniens* dismissal has been denied as being completely inappropriate on the facts of this case.